**Ronnie MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–033–CR.**

Court of Appeals of Texas, Austin.

April 26, 1989.

Rehearing Denied June 7, 1989.

Walter Prentice, Austin, for appellant.

Ronald Earle, Dist. Atty., Kent C. Anschutz, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and CARROLL and EARL W. SMITH,* JJ.

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. See

EARL W. SMITH, Justice (Retired).

Appellant, Ronnie Miller, was convicted by a jury of the offense of murder. Tex. Pen.Code Ann. § 19.02 (1989). Punishment was assessed by the jury at confinement in the Department of Corrections for forty-five years. On appeal he assigns two points of error: (1) the trial court erred in excluding testimony of Dr. Richard Coons, a psychiatrist, that at the time of the offense, appellant was clinically depressed; and (2) the trial court erred in excluding testimony of Dr. Coons, at the punishment phase, that appellant did not pose a threat of violence in the future, and that he was remorseful. This Court holds that it was not error to exclude this testimony and will affirm the judgment of the trial court.

Appellant argues that during trial it was hotly contested whether he was guilty of murder or voluntary manslaughter and therefore the psychiatrist's testimony about a diagnosis of clinical depression was admissible on the issue of voluntary manslaughter. Such evidence was properly excluded. Tex.Pen.Code Ann. § 19.04 (1989) provides:

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

(b) "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed ... which passion arises at the time of the offense and is not solely the result of former provocation.

(c) "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror *in a person of ordinary temper,* sufficient to render the mind incapable of cool reflection. (Emphasis added.)

Evidence of possible impairment of mental functions is not admissible on the

Tex.Gov't.Code Ann. § 74.003 (Pamp.1988).

issue of intent. The statutory definition of voluntary manslaughter does not contemplate what would constitute adequate cause from the perspective of an individual with impaired impulse control. The test is the response by a person of ordinary temper. *See Werner v. State,* 711 S.W.2d 639, 645 (Tex.Cr.App.1986); *Gonzales v. State,* 689 S.W.2d 900 (Tex.Cr.App.1985); *Wagner v. State,* 687 S.W.2d 303, 311–12 (Tex.Cr.App. 1985); *Ayers v. State,* 606 S.W.2d 936, 940 (Tex.Cr.App.1980). The Court of Criminal Appeals has held consistently that evidence of the type offered by appellant, that is, evidence of clinical depression or mental impairment, is inadmissible on the issue of voluntary manslaughter.

Moreover, a review of the record indicates that Dr. Coons did testify, without further objection, to the essence of appellant's requested testimony. In response to a hypothetical question that set out the facts of appellant's case, Dr. Coons said that a person of *ordinary temper* would have been incapable of cool reflection. No error is shown, and the point is overruled.

 In a non-capital case, evidence of future dangerousness is not admissible at either the guilt or punishment phase of the trial. *Reed v. State,* 644 S.W.2d 479, 481 (Tex.Cr.App.1983). Finally, testimony of a third person saying that a defendant in a criminal case has expressed remorse is inadmissible. *Thomas v. State,* 638 S.W.2d 481, 484 (Tex.Cr.App.1982). The second point of error is overruled.

The judgment of the trial court is affirmed.