Clay v. State 






AFFIRMED
MAY 31, 1990

NO. 10-89-211-CR
Trial Court
# 87-773-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

WILLIE JOHN CLAY,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Willie John Clay was convicted of murder and assessed
punishment at life in the Texas Department of Corrections. He
appeals this conviction, complaining that the trial court erred
when it refused to instruct the jury on the law of voluntary
manslaughter.
Â Â Â Â Â Section 19.04 of the Texas Penal Code provides that a person
commits an offense of voluntary manslaughter "if he causes the
death of an individual under circumstances that would constitute
murder . . . except that he caused the death under the immediate
influence of sudden passion arising from an adequate cause." TEX.
PENAL CODE ANN. Â§ 19.04(a) (Vernon 1989). "Sudden passion" is
defined as "passion directly caused by and arising out of
provocation by the individual killed or another acting with the
person killed which passion arises at the time of the offense and
is not solely the result of former provocation." Id. at Â§
19.04(b). "Adequate cause" is defined as "cause that would
commonly produce a degree of anger, rage, resentment, or terror in
a person of ordinary temper, sufficient to render the mind
incapable of cool reflection." Id. at Â§ 19.04(c). 
Clay was granted his requested charge on self-defense. 
However, merely because the issue of self-defense is raised, a
defendant is not automatically entitled to an instruction on
voluntary manslaughter. Stahl v. State, 712 S.W.2d 783, 788 (Tex.
App.--Houston [1st Dist.] 1986) aff'd, 749 S.W. 826 (Tex. Crim.
App. 1988). 
Did the evidence raise the issue of voluntary manslaughter in
Clay's case? Clay testified that he was using a telephone at a 7-Eleven Store when the victim--Stephen Giles, who was sitting in a
truck, started cursing at him. Giles told Clay, "I'll f___ you
up," and "I'll do something to your ass." Clay stated that he was
in fear for his life over Giles's remarks, and he believed that
Giles might be reaching for a gun. He explained that he went to
his car, reached in and got a gun, then went to the truck and shot
Giles. Clay admitted saying to Giles, "I'm not the one to f___
with." Clay asserts because the altercation occurred within a
period of five minutes or less, his shooting of the deceased was
spontaneous and, therefore, not premeditated. The evidence must
show more that just spontaneity. None of the evidence, including
Clay's testimony, reflects that Giles's actions produced a "degree
of anger, rage, resentment, or terror" sufficient to render his
mind incapable of cool reflection. See TEX. PENAL CODE ANN. Â§
19.04(c) (Vernon 1989). Clay's testimony reveals that he shot
Giles because he was afraid Giles was going to hurt him. Clay
testified:
He was looking at me seriously. He scared me. He
scared me so bad that I thought he was going to hurt me,
definitely hurt me, the way he looked at me and talked to
me.
Â 
And he made some kind of move like he was reaching
under the seat for something, you know. Right then I
just got all upset. It just upsetted (sic) me. I knew
I was going to get hurt the way he was talking, looking
at me. And, before I knew it, I had shot him. I went up
and shot him, you know.

Clay's comments that he was "upset" are in the context of his
being afraid, and this fear does not amount to the terror which
would qualify as "sudden passion." See Stahl, 712 S.W.2d at 787. 
The court of criminal appeals held in Gonzales v. State, 717 S.W.2d
355, 357 (Tex. Crim. App. 1986), that "a mere claim of fear . . .
does not establish the existence of sudden passion arising from an
adequate cause." While the evidence may have raised the issue of
self-defense in this case, it did not raise the issue of voluntary
manslaughter, and we will not allow material evidence to be implied
into the record. See id. 
By his brief, Clay asks us to remember the evidence from the
record showing that he was a Vietnam veteran and has a history of
mental problems. However, the "statutory definition of voluntary
manslaughter does not contemplate what would constitute adequate
cause from the perspective of an individual with impaired impulse
control." Miller v. State, 770 S.W.2d 865, 867 (Tex. App.--Tyler
1989 pet ref'd). Clay's point of error is overruled and the
judgment is affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TERRY R. MEANS
DO NOT PUBLISHJustice



 class=MsoNormal style='text-align:justify;text-indent:.5in'>Justice Davis, and

Justice Scoggins

Denied

Opinion
delivered and filed January 19, 2011

Do
not publish

[OT06]









[1] Robinsons
ÂapplicationÂ for writ of mandamus has several procedural deficiencies.Â  It
does not include the certification required by Rule of Appellate Procedure
52.3(j).Â  See Tex. R. App. P.
52.3(j).Â  It lacks a certified or sworn record, as required by Rules 52.3(k)
and 52.7(a)(1).Â  See id. 52.3(k), 52.7(a)(1).Â  And it lacks proof of
service on the Respondent, the Judge of the 54th District Court, and on the
McLennan County District Attorney, the Real-Party-in-Interest.Â  See id. 52.2.Â 
A copy of all documents presented to the Court must be served on all parties
to the proceeding and must contain proof of service.Â  Id. 9.5. Â Because
of our disposition and to expedite it, we will implement Rule 2 and suspend
these rules in this proceeding only.Â  Id. 2.

Â 





[2]
RobinsonÂs petition alleges that he gave Âtimely notice of appealÂ on June 3,
2010.Â  We have no record of this purported appeal.





[3] A defendant is not
entitled to a free copy of the record after exhausting the direct appeal in the
absence of a specific, compelling reason.Â  See In re Strickhausen, 994 S.W.2d 936, 937
(Tex. App.ÂHouston [1st Dist.] 1999, orig. proceeding); In re Coronado,
980 S.W.2d 691, 693 (Tex. App.ÂSan Antonio 1998, orig. proceeding); Eubanks
v. Mullin, 909 S.W.2d 574, 576-77 (Tex. App.ÂFort Worth 1995, orig.
proceeding).