Julia Jane VENTURA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00459–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 5, 1990.

Vernon Flournoy, San Antonio, for appellant.

Fred G. Rodriguez, Mike Raign, Bert Richardson, Edward F. Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, REEVES and BIERY, JJ.

## OPINION

REEVES, Justice.

Appellant was convicted by a jury of driving while intoxicated. The court assessed punishment at sixty days in the Bexar County Jail, probated for two years, and a $450.00 fine. Appellant raises two points of error. We affirm.

In her first point of error appellant contends the trial court erred in denying appellant's motion for approval of expenses for expert testimony. Appellant sought court approval for anticipated medical expert testimony concerning her actions in the video recording taken after her arrest and arraignment. The trial court denied the motions.

Article 26.05(a) of the Code of Criminal Procedure provides:

"A counsel ... appointed to represent a defendant in a criminal proceeding ... shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony...."

The State contends that in the absence of a demonstration of harm by appellant no error is present, citing, *Barney v. State*, 698 S.W.2d 114, 126 (Tex.Crim.App.1985);

*Freeman v. State,* 556 S.W.2d 287, 308 (Tex.Crim.App.1977), cert. den., 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 794 (1978); *Cherry v. State,* 488 S.W.2d 744, 752 (Tex. Crim.App.1973), cert. den., 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). The State also argues that the applicable statute only requires that counsel be reimbursed for expenses incurred. The State asserts that because counsel has failed to show that the trial court refused to reimburse for expenses, no error is present, citing *Richardson v. State,* 744 S.W.2d 65, 82 (Tex.Crim.App.1987), vacated and remanded, 492 U.S. ——, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989); *Eggleston v. State,* 422 S.W.2d 460, 464 (Tex.Crim.App.1968).

Initially, we note that the cases cited by the State were decided under the former version of art. 26.05 which stated that an appointed attorney shall be paid "[f]or expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500...." The former statute contained no provision for the trial court's prior approval of the expenses. Under the current statute, counsel is not entitled to reimbursement for expert testimony unless there has been prior court approval. The instant case presents an issue of first impression under the current version of art. 26.05. However, prior case law remains instructional.

In *Barney,* 698 S.W.2d at 126, a contention that the trial court erred in denying a motion for additional funds for investigation is addressed. The court states, "The record must reflect some specific need for the funds, such as the need for a particular expert or witness, or in what manner the defendant will be harmed if the testimony is not presented." In order for a trial court to make an informed decision concerning prior approval under the current statute no less should be expected of a defendant. *See* TEX.R.APP.P. 52(a).

■ We therefore hold that in order to obtain prior approval of the trial court for reasonable expenses connected with expert testimony, a defendant must demonstrate to the trial court a specific need for the testimony. The situation is analogous to a trial court's ruling on the admission of defensive evidence. When a trial court does not give prior approval for expert testimonial expenses to be incurred by an indigent defendant the court in effect excludes such evidence. As in cases where evidence is excluded, in order to obtain the court's prior approval under art. 26.05, or to preserve error for appellate review when approval is denied, the defendant must make some offer of proof in the form of a concise statement and no formal bill of exceptions is required. *See* TEX.R.APP.P. 52(b).

■ In the instant case, the motion for approval of expenses for expert testimony and the amended motion for expert medical testimony "expected to relate the characteristics of the symptoms of an ailment suffered by the Defendant to those symptoms exhibited by a person who is actually 'under the influence', or intoxicated, and is anticipated to show that the Defendant was actually 'normal' at the time in question as it relates to her, which would/should have a direct impact in this case as to guilt or innocence." Appellant sought reasonable, normal, and justifiable professional fees, specifically the sum of $400.00 should the testimony take the length of time to reach that amount. Appellant met her burden of demonstrating a need for the expert testimony. The trial court erred in not granting appellant's motions under art. 26.05. We must now determine whether the error requires reversal.

At trial, appellant testified that she had not had any alcohol on the day of her arrest. She also testified that she suffered from manic depression. After both sides closed, the State disclosed potentially exculpatory evidence. Dr. John Sparks, Bexar County psychiatrist, had reviewed the videotape and informed the prosecutor that in his opinion the videotape showed appellant in the manic stage of manic depression. The prosecutor informed the trial court and defense counsel of this matter. The trial court reopened the case, and Dr. Sparks testified on behalf of appellant. He testified that the videotape was "a classic picture of a person in a manic episode of a

manic depressive illness." Dr. Sparks pointed out specifically how appellant's actions on the videotape fit the symptoms of a manic episode, such as rapid speech, grandiose and exhibitionistic behavior, and expansive and exaggerated movement among others. Inasmuch as appellant was allowed to introduce the sought after expert testimony through Dr. Sparks we conclude beyond a reasonable doubt that the trial court's denial of appellant's motions did not contribute to the conviction or punishment. TEX.R.APP.P. 81(b)(2). We overrule appellant's first point of error.

In her second point of error appellant contends the jury's verdict was not supported by the evidence beyond a reasonable doubt. We set out appellant's entire argument under this point of error omitting references to the record:

Officer Riojas correctly stated Appellant's *behavior* as confirmed later by Dr. Sparks. Then the arresting officer testified that Appellant had bloodshot eyes, slurred speech, and needed support to stand. He also testified that information is on *all* arrests for Driving While Intoxicated. The video tape of Appellant reveals her in reasonable control of her normal self, as noted by Dr. Sparks.

Beyond this, appellant does not elaborate. Her argument is read as a contention that the evidence was insufficient to show beyond a reasonable doubt that she was intoxicated.

We must view the evidence in the light most favorable to the verdict and consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

San Antonio police officer Richard Riojas, the arresting officer, testified that his attention was drawn to appellant's car by its heavy front end damage with steam coming out of the radiator. He followed the car, which was travelling forty miles per hour in a fifty-five mile per hour zone. Riojas saw the car weave several times from lane to lane. Riojas stopped appellant's car and noticed that she had bloodshot eyes, slurred speech, and the smell of intoxicants on her breath. Appellant's manner of walking was unsure, wobbly, and staggering. Appellant told him she was in an accident at an apartment complex, but she was unable to specify where the accident occurred. She was taken to the police department where she was asked to undergo a breath test. Riojas testified that appellant was "clowning around. She would get the tube with the mouthpiece and place it to her lips and make big cheeks and make raspberries, and laughed about it and she laughed so hard one time that she struck her head onto the machine itself." The officer considered appellant's action a refusal to submit to the breath test. Breath analysis results were not obtained because of insufficient breath samples. Riojas described appellant as intoxicated.

San Antonio police officer Gary Mound was the officer who attempted to run the breath test and who videotaped appellant. He testified that appellant exhibited signs of intoxication with slurred speech, bloodshot eyes, and that she smelled highly of intoxicants. In Mound's opinion, appellant was intoxicated.

Appellant testified that she did not drink any alcohol on the night of her arrest. She testified that she overexaggerated on the videotape when she said, "I've had more to drink than this and driven before." She further testified that there was no front end damage to her car and that the engine was not steaming. On redirect examination she testified this was her first arrest. On recross-examination she admitted her prior conviction in 1986 for resisting arrest.

The evidence presented was sufficient to prove that appellant was intoxicated. Appellant's second point of error is overruled.

The judgment is affirmed.

BUTTS, J., concurs in result.