**John Dennis MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–91–040–CR.**

Court of Appeals of Texas,
Texarkana.

July 14, 1992.

Opinion on Denial of Rehearing
Aug. 18, 1992.

Discretionary Review Refused (Appellant)
Nov. 4, 1992.

Discretionary Review Refused (State)
Nov. 4, 1992.

Dan K. Parchman, Mt. Vernon, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

John Dennis Moore appeals from a conviction for criminal mischief. Punishment was assessed by the jury at three years' probation and a $5,000 fine.

Moore contends the trial court erred (1) in refusing to admit the testimony of his expert witness; (2) in failing to include in the charge an instruction on the lesser included offense of reckless damage or destruction; and (3) in denying his motion for funds to pay an independent expert witness.

Officer Cliff St. Clair was called to a family disturbance in the southern part of Franklin County, Texas. He arrived about 10:30 p.m. and was told that John Moore had been fighting with a man named Stoney Reece. Shortly thereafter, St. Clair observed Moore driving toward his patrol car. St. Clair testified that he stopped Moore, that there was an open beer can on the seat between Moore's legs, that he could smell alcohol on Moore's breath, that Moore's eyes were bloodshot and half drooped, and that when Moore got out of the car, he staggered and his speech was slurred.

St. Clair had Moore placed in the back of a patrol car while he and another officer went to search for Stoney Reece, who had reportedly absconded with a baby. St. Clair testified that when he returned about twenty minutes later (Officer Trey Abston testified that it was closer to half an hour) he found two men with shotguns, one man near each side of the car. They were there because Moore was violently kicking on the door of the car, struggling to get out, and they feared he would escape.

The officers took Moore out of the car, handcuffed him, and put him back in the car. St. Clair then told Officer Abston to take Moore back to the sheriff's office. Abston did not leave immediately, and after a few minutes, Moore started kicking the windows again. On the way to the sheriff's office, Moore resumed kicking the inside of the car. Abston stopped the car, and another officer restrained Moore by sitting on his legs until they reached the jail. Because of the damage caused by Moore, the rear doors of the vehicle had to be replaced at a cost of $1,300. This amount was the lowest of three bids to repair the damage.

Moore testified that he was locked in the back of a squad car for fifty minutes; that the car was "hot as blazes" and the win-

dows were not cracked or open; that he had just been knocked out in a fight; that when he was first placed in the squad car, he had gone to sleep but later had awakened soaking wet; that he "lost it"; that he tried with all his might to break the window; and that he believed it was necessary to break out of the car in order to preserve his life.

The jury was given a charge on the defense of necessity.

Moore's first point of error is the trial court erred in refusing to admit the testimony of Dr. William Gary Sweek. Sweek is a doctor of osteopathy and worked at the emergency room at Hopkins County Memorial Hospital in Sulphur Springs, a position he had held for over two years.

Moore's counsel offered this witness to prove that Moore may have been in such a condition that he could not have formulated the intent to commit the offense and to show that Moore could have suffered from physical ailments instead of intoxication. The court refused to allow this witness to testify, and Moore's attorney made a bill of his testimony outside the presence of the jury.

Sweek testified that there are several medical conditions that produce symptoms similar to intoxication such as low blood sugar, anxiety disorders, low or high blood pressure, and a closed-head injury.

Sweek also testified that a person suffering from anxiety can have a "panic attack," in which the person reverts to the basic instincts of fight or flight. He testified that a person having a severe anxiety attack could have tried to kick the window out without having formed the intent to do so:

THE COURT: Are you saying that a person would kick a window out without forming any intent to do so?

THE WITNESS: Yes, sir. I'm saying there are states of disorientation that I believe that occurs, yes, sir. They see the outside. They see the environment outside of their confined space. I'm saying theoretically they could strive to obtain that next space or that environmental space outside of their confinement without, you know, formal thought process.

Sweek also testified that confinement could trigger the basic instinct to survive and put into effect a state of high anxiety. The State objected to this testimony on the basis that Sweek had never examined Moore, that he had no special training in psychiatry other than a one-month rotation in medical school, and that the testimony was irrelevant.

▆▆▆ The burden of establishing the admissibility of an expert's opinion rests on the party offering the evidence. *Holloway v. State*, 613 S.W.2d 497, 501 (Tex.Crim. App.1981); *Perryman v. State*, 798 S.W.2d 326, 329 (Tex.App.—Dallas 1990, no pet.). The admission of expert testimony requires a showing (1) that the witness has knowledge of a scientific, technical, or other specialized area recognized as having support in the community; (2) that the testimony must aid the jury in understanding a material issue; and (3) that the opinion is based upon information or knowledge the jury does not possess or understand absent such testimony. *Fultz v. State*, 770 S.W.2d 595, 598 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

Sweek stated that the specifics of alcohol and alcohol-related injuries were covered in a medical school section on internal medicine. As a medical student, Sweek served a thirty-day externship in psychiatry, which included the study of alcoholism. In addition, he had worked with Alcoholics Anonymous and personally counseled alcoholics. He testified that he had extensive experience with intoxicated persons, that his practice brought him in contact with them on an almost daily basis, and that he had encountered situations when a person was thought to be intoxicated but was not.

▆▆▆ The special knowledge which qualifies a witness to give an expert opinion may be derived from specialized education, practical experience, a study of technical works, or varying combinations of these things. *Holloway*, 613 S.W.2d 497; Tex. R.Crim.Evid. 702. Whether a witness offered as an expert possesses the required

qualifications is a question which rests largely in the trial court's discretion, and the decision to admit or exclude the testimony will not be disturbed absent a clear abuse of discretion. *Steve v. State*, 614 S.W.2d 137, 139 (Tex.Crim.App. [Panel Op.] 1981); *Acosta v. State*, 752 S.W.2d 706, 710 (Tex.App.—Corpus Christi 1988, pet. ref'd).

■ The undisputed evidence establishes Sweek's expertise as a medical doctor with general training and with specific training in psychiatry and alcoholism. This training was enhanced by the experiences of his employment. This expertise would permit opinions in his field upon which he has knowledge that the average juror does not possess. Therefore, an exclusion based upon insufficient qualifications would be a clear abuse of discretion.

■ The State's second ground for objection was that Sweek had no personal knowledge of Moore and would be offering testimony based solely on a hypothetical question. It is well established, however, that experts can testify solely on the basis of a hypothetical question. *Fielder v. State*, 756 S.W.2d 309, 320 (Tex.Crim.App. 1988). Moreover, the facts or data upon which an expert bases his opinion need not be admissible in evidence if they are of a type reasonably relied on by experts in that field in forming an opinion on the subject. TEX.R.CRIM.EVID. 703. It would have been a clear abuse of discretion for the trial court to sustain the State's second ground for objection.

■ The State also objected on the ground that the testimony was irrelevant as to whether Moore committed the act of criminal mischief. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R.CRIM.EVID. 401. The proffered testimony was relevant to the issue of Moore's state of mind at the time of the offense.

Moore testified to circumstances and events that met the hypothetical described by Dr. Sweek. Moore had testified that he had been knocked unconscious while trying to protect a woman and two children in a situation to which he was a stranger. Moore testified that he was not intoxicated and that he had a medical history of high blood pressure and anxiety disorders. He testified that, on the occasion in question, he did not know when the officers were coming back and that he thought the officers had forgotten about him, that he thought that he had been locked in the police car for two-and-a-half hours, that he believed the temperature to be over a hundred degrees, and that he thought he was suffocating and dying of heat stroke. He testified that he did not intend to do any damage to the vehicle, but wanted the window out so he could breathe.

The State centered its case around its evidence about Moore's intoxication. This evidence presented him as going from a drunken stupor into a drunken tantrum. In response to this argument, Moore contended that he was not capable of forming the intent necessary for committing the crime because of his physical and mental condition (which was not brought about by the consumption of alcohol) and that he reasonably believed, based upon his medical condition, that the heat and lack of oxygen threatened his life and made it necessary for him to try to get some ventilation. The only background offered to support this theory was the excluded expert testimony of Dr. Sweek. Moore was entitled to have the jury hear this testimony in urging his defense, and the exclusion of this evidence constituted an abuse of discretion.

■ Pursuant to Rule 81(b)(2) of the Texas Rules of Appellate Procedure, we must next determine if the exclusion of this evidence was reversible error. The rule requires this Court to reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. The testimony of Dr. Sweek went to the heart of Moore's defense. His whole defense was built around his mental and physical condition at the time of the occurrence. In addition, this evidence not only

supported Moore's argument that he did not have a culpable mental state, but also tended to support his defense of necessity.[1] We cannot say beyond a reasonable doubt that this error did not contribute to his conviction.

Moore next argues that the trial court erred in failing to include his requested instruction on reckless damage or destruction in the jury charge.

A person commits the offense of criminal mischief if he intentionally or knowingly damages or destroys property without the owner's effective consent. TEX.PENAL CODE ANN. § 28.03(a) (Vernon Supp.1992). A person commits the offense of reckless damage or destruction if he recklessly damages or destroys property without the owner's effective consent. TEX.PENAL CODE ANN. § 28.04 (Vernon 1989). A person acts recklessly with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all circumstances as viewed from the actor's standpoint.

A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is included within the proof necessary to establish the offense charged, and (2) there is some evidence that the defendant is guilty only of the lesser offense. *Dowden v. State*, 758 S.W.2d 264, 268 (Tex.Crim. App.1988); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981).

Reckless damage or destruction is a lesser included offense of criminal mischief because it differs from criminal mischief only in that it requires a less culpable mental state. TEX.CODE CRIM.PROC.ANN. art. 37.09(3) (Vernon 1981).

There was no evidence, however, that Moore was guilty only of a reckless act. Moore testified that he did not have any intent to damage the police vehicle. He also testified, however, that he was trying to kick the windows out of the car and that, eventually, he was kicking the door extremely hard. Conduct is not rendered involuntary merely because a person does not intend the result of his conduct. *George v. State*, 681 S.W.2d 43, 45 (Tex. Crim.App.1984). It follows that intentional or knowing conduct is not rendered reckless or negligent because a person does not intend the result of the conduct. The trial court did not err in refusing Moore an instruction on the lesser included offense of reckless damage or destruction.

Moore next contends that the trial court erred in denying his motion for funds to pay an independent expert witness. Moore was declared indigent, and counsel was appointed to represent him. Counsel appointed to represent a defendant in a criminal proceeding shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony. TEX.CODE CRIM. PROC.ANN. art. 26.05(a) (Vernon 1989). Prior to trial, defense counsel moved the court to pay for an expert witness. At trial, defense counsel argued his motion, and the trial court overruled it.

The appointment of an expert witness under Article 26.05 rests within the sound discretion of the trial court. *Stoker v. State*, 788 S.W.2d 1, 16 (Tex.Crim.App. 1989), *cert. denied*, — U.S. —, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Quin v. State*, 608 S.W.2d 937, 938 (Tex.Crim.App. [Panel Op.] 1980). In order to obtain prior approval for reasonable expenses connected with

---

1. The jury was charged on the defense of necessity, which is set forth in Section 9.22 of the Texas Penal Code. It states in relevant part the following:
   Conduct is justified if:
   (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; ...

TEX.PENAL CODE ANN. § 9.22 (Vernon 1974).

expert testimony, a defendant must demonstrate to the trial court a specific need for the testimony. *Ventura v. State*, 801 S.W.2d 225, 227 (Tex.App.—San Antonio 1990, no pet.). In order to preserve error when approval is denied, the defendant must make some offer of proof in the form of a concise statement. *Id.*

At trial, Moore made a concise statement of the reasons the testimony was needed. The reasons were: (1) possible explanations for Moore's reaction to being locked in the backseat of a car on a hot night, and (2) since several officers had testified that in their opinion Moore was intoxicated, and since no blood, breath, or other test was done on Moore on the night in question, medical testimony should be allowed to support Moore's contentions that he had other conditions which would produce the same symptoms as intoxication.

Moore did preserve error and did demonstrate a specific need for the testimony. The failure of the court to provide funds to pay the expert witness, however, cannot be considered as harmful error in this case because the witness was available to testify anyway and, thus, this defendant was not harmed. *See Phillips v. State*, 701 S.W.2d 875 (Tex.Crim.App.1985).

▪ According to Moore's counsel at oral argument and in his brief, he paid the fees for the expert witness from his own pocket. An indigent defendant is entitled to funding for the fees of expert witnesses, just as the State also has funds for such witnesses. In this particular proceeding, we cannot order this expense paid, but appointed counsel defending an indigent should be provided reasonable expenses for necessary expert testimony and should not be required to pay for expert testimony from personal funds.

The judgment is reversed and remanded to the trial court for a new trial.

### ON MOTION FOR REHEARING

On motion for rehearing, Moore continues to urge that the trial court erred in not submitting a charge on the lesser included offense of reckless damage or destruction.

Moore correctly contends that if evidence from any source raises the issue of a lesser included offense, a charge on that offense must be included in the court's charge. The credibility of the evidence and whether it conflicts with other evidence must not be considered in deciding whether the charge on the lesser offense should be given. *Saunders v. State*, No. 069–90, —— S.W.2d —— (Tex.Crim.App. May 13, 1992); *Gibbs v. State*, 819 S.W.2d 821 (Tex.Crim.App. 1991). A defendant's testimony alone can raise the issue. *Mitchell v. State*, 807 S.W.2d 740 (Tex.Crim.App.1991).

Moore's testimony varied as to the extent of his awareness of his conduct. He testified that he had been knocked unconscious in a fight shortly before the arrest and that he was dazed and confused when placed in the squad car. Moore points to his testimony which states that he did not intend to damage the vehicle but wanted the window out so that he could breathe. An intentional act includes conduct when a person intends the result or intends the conduct. Moore's purpose or motive does not preclude the evidence that he intended the specific act.

Moore also points to his testimony that he was dazed and confused. If Moore did not have the capability of forming an intent, then this would negate an element of the offense charged, but it would not authorize the charge on a lesser included offense. Even the charge of the lesser included mental state of recklessness requires an awareness of an unreasonable risk.

Moore has not pointed to any evidence that would any way raise or suggest a reckless mental state requiring the submission of a charge on reckless damage or destruction.

The defendant's motion for rehearing is overruled.