MARY'S OPINION HEADING 



 NO. 12-03-00038-CR


 

IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ERICK MASTER PLATTEN,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #3


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Erick Master Platten ("Appellant") appeals his jury conviction for the offense of driving while
intoxicated. The judge assessed punishment at 180 days of confinement, probated for a period of two
years, and assessed a fine of $2,000, with $1,500 of the fine probated. On appeal, Appellant raises two
issues concerning evidentiary rulings and one issue concerning a condition of his appeal bond. We
affirm.


Background


 On April 26, 2002, at approximately 1:00 a.m., Tyler Police Officer James Holt ("Officer
Holt") observed a white Suburban traveling in excess of the posted speed limit on the South Loop in
Tyler. Officer Holt pulled from his stationary position in order to make the traffic stop and to issue
a speeding citation. Officer Holt saw the Suburban turn onto Copeland Road and caught up with the
vehicle at a red light where he and the Suburban both stopped. Officer Holt noticed that the driver of
the Suburban made a wide right turn, had his right wheels in the gutter, and was bumping the curb. 
Once the Suburban turned onto Timbercreek Drive, Officer Holt activated his lights, but did not use
his siren. The Suburban turned into a driveway, and Officer Holt observed Appellant standing outside
and holding onto the door of the vehicle. The officer hit his air horn to get Appellant's attention. 
After observing Appellant steady himself, Officer Holt told him why he had been stopped and asked
where he had been. Appellant indicated he was coming from Sharky's, a Tyler restaurant. The officer
could smell the odor of alcohol on Appellant and observed that Appellant's eyes were red.

 Appellant was charged by complaint and information with the offense of driving while
intoxicated. See Tex. Pen. Code Ann. § 49.04(b) (Vernon 2004). On October 30, 2002, a jury trial
was held in the County Court at Law No. 3 of Smith County. A videotape of the stop was admitted
into evidence and published to the jury. Officer Holt testified that the videotape did not properly
record the voices. His testimony was that when he asked Appellant for a driver's license, Appellant
handed him a bar association card, then the license, and ultimately a business card. He further testified
that based on the totality of the circumstances, Appellant's actions added up to a person who was
impaired. The actions Officer Holt considered in reaching his conclusion were Appellant's erratic
movements, his driving, his failure to stop after the patrol vehicle lights were turned on and the patrol
vehicle horn was sounded, his unsteadiness, the smell of alcohol on his person, the redness of his eyes,
his inability to tell the difference between the officer's name tag and the officer's badge, and his
frequent repetition of questions about videotaping. Finally, Officer Holt testified that Appellant's
mental and physical capabilities were impaired.

 Tyler Police Officer J. E. Smith ("Officer Smith") is a twenty-year police veteran who is the
department's instructor on DWI detection and training. He testified that he was the backup officer to
Officer Holt on April 26, 2002 and reported to the scene. When he arrived, Officer Holt was
attempting to get Appellant to perform field sobriety tests. Officer Smith's testimony was that
Appellant was unsteady, smelled of alcohol, and was speaking softly. Appellant was arrested for
driving while intoxicated after Officer Smith arrived at the scene.

 Dr. Gary Wimbish ("Dr. Wimbish"), a toxicologist who was Appellant's expert witness, was
questioned outside the presence of the jury regarding his qualifications as an expert on determining
intoxication from watching a police videotape of an accused. The trial judge sustained the State's
objections to Dr. Wimbish and did not allow him to testify. Mike Everett ("Everett"), another of
Appellant's witnesses, testified before the jury on certain factual matters. However, the State's
attorney objected to Everett's opinion, based upon his Texas Alcoholic Beverage Commission
("TABC") training, about whether Appellant was intoxicated. The trial court sustained the State's
objection and did not allow Everett to testify as to that matter.

 On October 31, 2002, the jury found Appellant guilty of driving while intoxicated. The trial
judge conducted a punishment hearing and assessed punishment at confinement for 180 days, probated
for two years, and a $2,000 fine, with $1,500 of the fine probated. This appeal followed.


Exclusion of Expert Witness Testimony


 In his first issue, Appellant contends the trial court abused its discretion by excluding the
testimony of Dr. Wimbish. Specifically, Appellant asserts the trial court erred in excluding Dr.
Wimbish's testimony about Appellant's appearance on the videotape and whether the factors of
intoxication were identifiable from the videotape. 

 Prior to Dr. Wimbish's testimony, the State requested a Daubert (1) hearing. At the conclusion
of the hearing, the State objected to Dr. Wimbish's testimony contending that there were no field
sobriety tests and that no determination could be made from the videotape as to whether Appellant was
intoxicated. The State further objected that there was no underlying scientific theory supporting Dr.
Wimbish's conclusions and that his testimony was not relevant to assist the jury in its fact finding in
the case. Finally, the State objected that Dr. Wimbish's proposed testimony was an attempt to invade
the province of the jury and did not meet the criteria for reliability formulated by the Supreme Court
in Daubert.

 Appellant asserted that Dr. Wimbish was qualified to give an expert opinion that would assist
the trier of fact to determine a fact in issue, intoxication. The State responded that a lay person could
observe the videotape and determine whether Appellant was intoxicated. The trial court sustained the
State's objection and excluded Dr. Wimbish's testimony. Appellant contends this ruling constitutes
reversible error.

 We review the trial court's decision to admit or exclude expert testimony under an abuse of
discretion standard. Kelly v. State, 824 S.W.2d 568, 574 (Tex. Crim. App. 1992). An abuse of
discretion occurs when the trial court acts without reference to any guiding rules and principles or acts
arbitrarily or unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).
However, if the trial court's decision to admit or exclude the expert testimony is "within the zone of
reasonable disagreement," it does not abuse its discretion. See Kelly, 824 S.W.2d at 574;
Montgomery, 810 S.W.2d at 391 (op. on reh'g).

 Rule 702 of the Texas Rules of Evidence governs the admission of expert testimony. Tex. R.
Evid. 702. Rule 702 provides that


 [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as an
expert by knowledge, skill, experience, training, or education may testify thereto in
the form of an opinion or otherwise.



Tex. R. Evid. 702. This rule contains three requirements for the admission of expert testimony: (1)
the witness must be qualified; (2) the proposed opinion testimony must be grounded in "scientific,
technical, or other specialized knowledge"; and (3) the testimony must "assist the trier of fact to
understand the evidence or to determine a fact in issue." Fowler v. State, 958 S.W.2d 853, 860 (Tex.
App.-Waco 1997), aff'd on other grounds, 991 S.W.2d 258 (Tex. Crim. App. 1999) (citations
omitted).

 Appellant contends that Dr. Wimbish's testimony meets the requirements of Rule 702 and cites
Moore v. State, 836 S.W.2d 255 (Tex. App.-Texarkana 1992, pet. ref'd) as authority for his position. 
However, the facts in Moore are distinguishable from those in the case at hand. In Moore, the expert
testimony was from a medical doctor, who was called by the defense. The testimony was offered to
show that Moore could not have formulated the intent to commit the charged offense (criminal
mischief) and that he could have suffered from physical ailments other than intoxication. The trial
court ruled the doctor's testimony was admissible after reviewing his specialized education and
practical experience, and the Texarkana Court of Appeals agreed. However, the State's objection in
Moore was that the doctor had no training in psychiatry and therefore was not qualified to testify about
whether Moore could have formulated the requisite criminal intent. See id. at 258-59. In the instant
case, the State objected that Dr. Wimbish's testimony was inadmissible because it did not meet the
Daubert criteria for reliability and because it was not relevant. 

 In Daubert, the Supreme Court discussed several nonexclusive factors that are relevant to
determining the reliability of an expert's opinion: (1) whether the theory can be and has been tested;
(2) whether the theory has been subjected to peer review; (3) the potential rate of error of the theory;
and (4) the general acceptance of the theory in the relevant community. Daubert, 509 U.S. at 593-94,
113 S.Ct. at 2796-797. One year earlier, the Texas Court of Criminal Appeals identified some of the
factors that can affect a trial court's determination of reliability. Kelly, 824 S.W.2d at 573. The factors
discussed in Kelly included (1) the four factors subsequently discussed in Daubert; (2) the
qualifications of the expert(s) testifying; (3) the existence of literature supporting or rejecting the
underlying scientific theory and technique; (4) the clarity with which the underlying scientific theory
and technique can be explained to the court; and (5) the experience and skill of the person(s) who
applied the technique on the occasion in question. See id. 

 During the Daubert hearing, Dr. Wimbish testified about his credentials and also about how
he formulated his opinion concerning whether Appellant was intoxicated at the time he was arrested. 
Dr. Wimbish stated that he had testified as an expert in Smith County. He explained that his expert
testimony would be based on the science of forensic toxicology as it relates to alcohol and its effect
on the individual through suppression or depression of the central nervous system. He also stated that
he had viewed about two thousand DWI videotapes and that the primary focus of his testimony on
behalf of Appellant would be the videotape of the traffic stop. He further testified that he had studied
under Dr. Robert Forey and Dr. Rolla Haya, two recognized experts concerning alcohol and its effects. 
Dr. Wimbish informed the trial court that his evaluation of the videotape was based on independently
recognized principles that have been studied, applied, and peer reviewed. However, when questioned
about whether the cited studies and peer reviews related to situations where, as here, no field sobriety
tests were conducted, he answered in the negative.

 Dr. Wimbish stated that when he viewed the videotape of Appellant, he applied certain
"objective criteria" he had derived from the criteria commonly used to determine whether a person is
intoxicated. However, the testimony presented to the trial court did not establish that a rate of error
could be assigned where a determination of intoxication is made from viewing a videotape and no field
sobriety tests are conducted. Moreover, Dr. Wimbish could not cite any scientific theory supporting
a conclusion that intoxication can be determined solely from viewing a videotape nor could he refer
the court to any literature supporting or rejecting that conclusion. Dr. Wimbish presented no
publications or peer-reviewed data relating to a determination of intoxication without field sobriety
test data nor did he establish that this method is generally accepted in the relevant community. 

 Furthermore, as a general rule, expert testimony should be admitted only when it is helpful to
the jury. Williams v. State, 895 S.W.2d 363, 366 (Tex. Crim. App. 1994). Therefore, the use of
expert testimony should be limited to situations in which the expert's knowledge and experience on
a relevant issue are beyond that of an average juror. See id. Here, the substance of Wimbish's
testimony as to whether Appellant appeared intoxicated on the videotape was not outside the
knowledge and experience of the average juror. Accordingly, we conclude the trial court did not abuse
its discretion in excluding Wimbish's testimony. We overrule Appellant's first issue.


Exclusion of Testimony of Mike Everett


 In his second issue, Appellant asserts that Everett should have been allowed to state his opinion
about whether Appellant was intoxicated. Everett, who had received training from the TABC, was
a manager at Sharky's where Appellant had been before he was arrested. 

 Before any question was directed to Everett concerning what he may have observed regarding
whether Appellant was intoxicated, the State objected on relevancy grounds. Appellant's counsel did
not respond. The trial court sustained the objection and excluded testimony concerning any conclusion
Everett might offer, based on training by the TABC, about whether Appellant was intoxicated.

 Appellant asserts that Everett is an expert in recognizing the intoxication of persons in his
restaurant and that his testimony is admissible under Rule 702. The record in this case does not
support Appellant's position. A brief reference was made to the training Everett received from the
TABC. As is evident from the record, Everett's testimony was not of a scientific or technical nature;
rather he was disclosing his duties and observations as the manager of the restaurant. Appellant did
not lay a proper predicate through the questions directed to Everett or seek to establish any specific
qualifications as an expert witness. Appellant made a bill of questions he would have asked Everett
if the relevancy objection had not been sustained by the trial court, but Appellant did not submit an
offer of proof as to what Everett's testimony would have been.

 In order for a complaint concerning the exclusion of evidence to be considered by the appellate
court, the record must show what the excluded testimony would have been. Stewart v. State, 686
S.W.2d 118, 122 (Tex. Crim. App. 1984). Absent a showing of what such testimony would have been,
or an offer of a statement concerning what the evidence would show, nothing is presented for review. 
Id. Appellant's second issue is overruled.


Condition of Appeal Bond


 In his third issue, Appellant contends that the terms of his release on bond are not reasonable
because, after being convicted of driving while intoxicated, he cannot go into any establishment where
alcohol is served.

 When Appellant filed his notice of appeal, he was released on an appeal bond which included
the provision that he "not enter the premises of any establishment that serves alcoholic beverages,
including restaurants and private clubs." At the close of the hearing on Appellant's motion for new
trial, the trial court informed Appellant that this condition would be imposed. Counsel for Appellant
responded, "That's not a problem, Your Honor." Appellant was asked by the trial judge if he had any
questions about the conditions and he responded, "No, Judge."

 The State argues that Appellant has waived any complaint by not making a timely objection. 
To preserve error a party must have presented to the trial court a timely request, objection, or motion,
stating the specific grounds for the ruling he desired the court to make if the specific grounds were not
apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). The record here reflects that Appellant did
not complain to the trial court that the bond condition was oppressive. In fact, his statements in the
hearing on the motion for new trial indicated his tacit agreement to the conditions of the appeal bond. 
Therefore, he has waived any objection to the challenged term of his appeal bond. See Smith v. State,
993 S.W.2d 408, 410 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd) (op. on reh'g). Appellant's
third issue is overruled.


Conclusion


 Having overruled Appellant's issues one, two, and three, we affirm the trial court's judgment.


 DIANE DEVASTO 

 Justice

Opinion delivered January 21, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




(DO NOT PUBLISH)
1. Daubert v. Merrill-Dow Pharms., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).