Clifton FRANSAW, Appellant,

v.

STATE of Texas, Appellee.

No. A14–82–022CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 30, 1983.

Discretionary Review Denied Nov. 4, 1983.

**540**

Dan Gerson, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appeal is taken from a conviction of voluntary manslaughter. A jury found appellant guilty and assessed punishment at life imprisonment.

Appellant contends that the trial court erred by overruling his challenges for cause of two jurors; by allowing the State to impeach him with a felony conviction which was not final; and in a supplemental brief he maintains that the indictment was fundamentally defective. Finding these contentions without merit, we affirm the conviction.

In grounds of error one and two, appellant contends that the trial court erred by overruling his challenges for cause of two venire members. Appellant's contention that venire member Churtz was biased against the minimum punishment for murder is based on a lengthy colloquy between counsel, the Court, and Churtz. Churtz was asked by defense counsel whether she could consider the minimum range of punishment for murder. She replied, "Not if someone killed someone." Churtz was then questioned extensively outside the hearing of the venire. The prosecutor explained that punishment is based on the evidence heard at trial, and that jurors are asked to keep an open mind. When Churtz insisted that she believed five years was not punishment for taking someone's life, the Court proceeded to rehabilitate her. Finally, she said she would keep an open mind, and that there could be cases where she might consider the minimum punishment.

We do not normally approve of lengthy attempts by the Court to rehabilitate a juror who has repeatedly and firmly expressed a bias or prejudice. However, the Court of Criminal Appeals has expressly approved juror rehabilitations similar to the one here. *Barefoot v. State*, 596 S.W.2d 875 (Tex.Crim.App.1980), *cert. denied*, 453

U.S. 913, 101 S.Ct. 3146, 69 L.Ed.2d 996 (1981). Accordingly, we overrule appellant's first ground of error.

 Appellant next argues that venire member Bell was biased and should have been stricken for cause because he was unable to accept appellant's right to remain silent and present no evidence in his defense. Defense counsel asked whether anyone felt appellant was guilty because he was charged with a crime. Venire member Bell nodded his head, whereupon a conversation took place outside the hearing of the remaining panel. Bell erroneously believed that the State must have had a preponderance of the evidence before charging appellant. Bell said he would not automatically find appellant guilty, but that he would wait and listen to the evidence. *Barefoot* is likewise controlling here. We hold that the trial court did not err by overruling appellant's challenge for cause of venire member Bell. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends the trial court erred by allowing the State to impeach him with a felony conviction which was not final. On August 4, 1981, appellant pled guilty to the offense of aggravated robbery and received a ten year sentence. Appellant testified that he filed a notice of appeal to the district clerk's office by certified mail within ten days of being sentenced; when he received no response, he filed an application for a writ of mandamus in the Court of Criminal Appeals. Appellant entered two exhibits into evidence which purported to be the certified mail receipts of his appeal notice. However, the notice of appeal he allegedly mailed was not in the court's file, nor did the docket sheet contain any such notice. The copies of the certified mail receipts were for a writ of mandamus application mailed to the Court of Criminal Appeals, and a notice from that court denying his application. The trial court correctly admitted the conviction for impeachment purposes as appellant failed to meet his burden of proving the conviction was not final. *Johnson v. State*, 583 S.W.2d 399 (Tex.

Crim.App.1979). Appellant's third ground of error is overruled.

In a supplemental ground of error, appellant asserts that the indictment is fundamentally defective, citing the original panel opinion in *Lugo-Lugo v. State*. The Court of Criminal Appeals, on the State's motion for rehearing, has overruled the panel opinion. *Lugo-Lugo v. State*, 650 S.W.2d 72 (Tex.Crim.App.1983). There being no fundamental error, appellant's supplemental ground of error is overruled.

The conviction is affirmed.