**Ricky WUNNEBURGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07-92-0062-CR.**

Court of Appeals of Texas,
Amarillo.

Dec. 16, 1992.

Rehearing Denied Feb. 5, 1993.

Kline, Snuggs & Wischkaemper, Philip Wischkaemper, Lubbock, for appellant.

Travis Ware, Dist. Atty., Michael West, Appellate Chief, Lubbock, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

In two points of error, appellant Ricky Wunneburger challenges his conviction of aggravated robbery and the jury assessed punishment of ninety-nine years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant contends the trial court erred in (1) refusing to allow him the opportunity to cross-examine the complaining witness regarding a prior conviction, and (2) refusing to pay for an expert to testify regarding recidivism rates of individuals released from penal institutions. We affirm the judgment of the trial court.

The State's evidence showed that appellant robbed a convenience store clerk in Lubbock on the night of August 5, 1991. While reaching into the cash register and removing the bait money, appellant tripped a hidden camera which photographed him taking the money. The store clerk, Tanya Oldham, testified that she was held at knifepoint by appellant. Since the crime eye photographs did not reveal the use of a knife, the only testimony supporting the aggravating element was that of Oldham.

The record shows that Oldham had been convicted of theft by check in Erath County. Appellant's first point contention is that pursuant to Texas Rule of Criminal Evidence 609(a), he was entitled to use that conviction in his cross-examination of Oldham, and the trial court reversibly erred in refusing to allow him to do so.

Rule 609(a) provides that evidence of a prior criminal conviction shall be admitted for the purpose of attacking the credibility of a witness if the crime was a felony or one involving moral turpitude, regardless of punishment, so long as the court determines the probative value of admitting the evidence outweighs its prejudicial effect.

However, Rule 609(c) limits the admissibility of evidence of a prior conviction if (1) based upon the finding of rehabilitation of the person convicted, the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and that person has not been convicted of a subsequent crime which is classified as a felony or involved moral turpitude, regardless of punishment, or (2) probation has been satisfactorily completed and that person has not subse-

quently been convicted of a felony or crime of moral turpitude, or (3) based on a finding of innocence, the conviction has been the subject of a pardon, annulment, or other equivalent procedure. Tex.R.Crim.Evid. 609(c).

■ Allowing a defendant to expose a witness' motivation to testify against the defendant is an important and proper function of the constitutionally protected right of cross-examination. *Hurd v. State*, 725 S.W.2d 249, 252 (Tex.Crim.App.1987), *citing Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). In pursuance of that function, the defendant is given great latitude to show any fact which would tend to establish ill feeling, bias, motive and animus on the part of the witness testifying against him. *Hurd v. State*, 725 S.W.2d at 252. A witness may be "contradicted, impeached, discredited, attacked, sustained, bolstered, made to give evidence against himself, and cross-examined as to new matter." *Cantu v. State*, 738 S.W.2d 249, 255 (Tex.Crim.App. 1987), *cert. denied*, 484 U.S. 872, 108 S.Ct. 203, 98 L.Ed.2d 154 (1987).

In support of his position that he was entitled to impeach Oldham, in a hearing before the court, appellant introduced a facsimile copy of Oldham's judgment and sentence, together with a motion to revoke her probation. At the hearing, and under examination by appellant's counsel, Oldham admitted the conviction. She also testified that she successfully served the probation, it was never revoked, and "they gave me all of my papers and said it was over." She also testified she never went "back in front of a judge."

Appellant's first point contention requires us to discuss the burden of proof in determining the propriety of the use of a prior conviction for impeachment purposes. In making that determination, we find *Fransaw v. State*, 671 S.W.2d 539 (Tex. App.—Houston [14th Dist.] 1983, no pet.) instructive. In that case, the State sought to impeach Fransaw by showing a prior conviction of aggravated robbery. The appellant sought to show that the conviction was not final by testifying that he had sent a notice of appeal to the district clerk within ten days of his sentencing date, and, when he received no response, he filed an application for mandamus in the Court of Criminal Appeals. To support his contention, he introduced two exhibits which purported to be certified mail receipts of his appeal notice.

However, the appellate court observed that the notice of appeal Fransaw allegedly filed was not in the district court's file, and the court's docket did not reflect any such notice. Additionally, the appellate court noted that the copies of the certified mail receipts were in fact a writ of mandamus mailed to the Court of Criminal Appeals and a notice from that Court denying application. *Id.* at 541. Citing *Johnson v. State*, 583 S.W.2d 399 (Tex.Crim.App.1979), the *Fransaw* court held that "appellant failed to meet his burden of proving the conviction was not final," and the trial court correctly admitted the prior conviction for impeachment purposes. *Id.*

In *Johnson*, the appellant was convicted of the offense of rape which allegedly occurred on June 21, 1977. In seeking to impeach Johnson, the State had introduced certified copies of a conviction and sentence showing Johnson had been previously convicted of rape on January 16, 1974. Those records did not indicate any notice of appeal given by Johnson. Without the introduction of any evidence, Johnson contended the evidence was insufficient to show the prior conviction became final before the commission of the instant offense. In overruling Johnson's contention, the Court held "[o]nce the State introduces such prima facie evidence of a final conviction [the judgment and sentence], the defense has the burden of proving the conviction was not final." *Id.* at 403. Thus, it concluded, under the record before it, the proof was adequate to show the prior conviction was final before the commission of the offense for which Johnson was on trial.

Thus, prior to September 1, 1986, the effective date of the Rules of Criminal Evidence, a prima facie case was made that the credibility of a witness might be impeached by the use of a conviction if either

the proponent introduced correct copies of a judgment of conviction and sentence for a felony or a crime involving moral turpitude, which is regular and valid on its face, regardless of the punishment; or, if the witness admitted conviction of such an offense. Once that prima facie showing was made, it became the burden of the opponent to establish the inadmissibility of the impeachment evidence. In attempting to do so, the general rule was that the testimony of the interested witness was not sufficient to establish the inadmissibility but rather documentary evidence was required to do so. *See Van Sickle v. State,* 604 S.W.2d 93, 98 (Tex.Crim.App.1979); *Poore v. State,* 524 S.W.2d 294, 297 (Tex. Crim.App.1975); *Pena v. State,* 669 S.W.2d 156, 157 (Tex.App.—Dallas 1984, no pet.).

However, with regard to probated sentences, the rule was that such sentences might be used to impeach a witness only if the probation had not expired at the time of trial. *Adams v. State,* 685 S.W.2d 661, 669–70 (Tex.Crim.App.1985). If the record showed the probationary period had expired, the conviction was not admissible for impeachment purposes. *Mead v. State,* 759 S.W.2d 437, 443 (Tex.App.—Fort Worth 1988), *rev'd on other grounds,* 819 S.W.2d 869 (Tex.Crim.App.1991).

■ On September 1, 1986, the Rules of Criminal Evidence became effective and Rule 609 now governs the admissibility of prior conviction impeachment evidence. Concerning probated convictions, subsection (c) of the rule provides that such convictions are not admissible if the probation period has been satisfactorily completed, and, in addition, the witness has not subsequently been convicted of a felony or crime involving moral turpitude. *See Cunningham v. State,* 815 S.W.2d 313, 319 (Tex. App.—Dallas 1991, no pet.). In this case, appellant's evidence itself showed that Oldham's probation period had expired and there was no showing that she had been subsequently convicted of a felony or crime involving moral turpitude. The mere filing of the motion to revoke, without more, was not sufficient to establish that the probation had been revoked prior to its expiration. Thus, by provision of the rule, the conviction was not admissible for impeachment purposes.

In asserting the trial court erred, appellant places considerable reliance upon this court's decision in *Aleman v. State,* 795 S.W.2d 332 (Tex.App.—Amarillo 1990, no pet.). However, that case is distinguishable. In *Aleman,* the State admitted that a theft conviction existed against a person with the same name as the witness in question. The question presented to us was whether Aleman was entitled to cross-examine the witness about her asserted lack of recollection whether she had been convicted of the offense. We held that Aleman was entitled to the cross-examination in order that the jury might determine the truth of her testimony and whether she was indeed the one who had been convicted. The question of the application of Rule 609(c) to the admissibility of a probated sentence was not before us.

■ The Rules of Criminal Evidence give the trial court wide discretion in determining the admissibility of evidence. *See Jackson v. State,* 575 S.W.2d 567, 570 (Tex. Crim.App.1979); *Breeding v. State,* 809 S.W.2d 661, 663 (Tex.App.—Amarillo 1991, pet. ref'd). Applicable to this appeal, the extent to which a witness may be cross-examined for the purpose of showing bias rests on the sound discretion of the trial court as well. *See Carrillo v. State,* 591 S.W.2d 876, 886 (Tex.Crim.App.1979); *Paley v. State,* 811 S.W.2d 226, 227 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). A determination by the trial court will not be reversed on appeal unless the appellant shows a clear abuse of discretion. *Johnson v. State,* 698 S.W.2d 154, 160 (Tex. Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Breeding v. State,* 809 S.W.2d at 663.

■ A trial court abuses its discretion if it has acted arbitrarily and unreasonably, without reference to any guiding rules and principles. *Breeding v. State,* 809 S.W.2d at 663; *see also Montgomery v. State,* 810 S.W.2d 372, 378, 392 (Tex.Crim.App.1990) (appellate courts must defer to the trial court and avoid the anomaly of usurping a

function that the system assigns to trial courts); *see generally Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986) (in an appeal from sanctions imposed for discovery abuse, a trial court has not abused its discretion simply because an appellate judge would have decided the matter differently).

■ Application of these guidelines mandates that we hold the trial court did not abuse its discretion in excluding the testimony in question. This is particularly true since, in addition to showing that the probationary period had expired, the record does not show Oldham's testimony was the result of any bias, motive or ill will directed against appellant and there was no indication that the conviction might have exposed the witness to pressure from the prosecutor to testify favorably for the State. *See Green v. State*, 676 S.W.2d 359, 363 (Tex. Crim.App.1984) (trial court did not err in excluding evidence of pending worthless check charge against witness where charge had no connection with the case on trial and there was nothing to show prosecutor was using the check charge to pressure witness to testify favorably); *see also Collins v. State*, 780 S.W.2d 176, 196 (Tex. Crim.App.1986), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990) (trial court did not err in excluding evidence of witness's probationary status of deferred adjudication where no predicate laid that witness was testifying against appellant because of bias, motive or ill will emanating from that status or that the witness might have been subject to undue pressure because of that status). Appellant's first point of error is overruled.

■ In his second point, appellant contends the trial court erred in refusing to pay for an expert to testify that most crimes are committed by male members of society less than 29 years of age and the threat of long prison terms has little, if any, effect on deterring others in society from committing similar crimes. Such payment is authorized in Tex.Code Crim. Proc. Ann. art. 26.05(a) (Vernon 1989). That arti-cle provides that counsel appointed to represent a defendant in a criminal proceeding shall be reimbursed for reasonable expenses incurred for purposes of investigation and expert testimony incurred with prior court approval. *Id.* The appointment of an expert witness lies within the discretion of the trial court. *Stoker v. State*, 788 S.W.2d 1, 16 (Tex.Crim.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990).

■ In order to testify about scientific, technical, or other specialized matters, a witness must be qualified as an expert. *Matson v. State*, 819 S.W.2d 839, 851 (Tex. Crim.App.1991). The party offering the witness bears the burden of establishing a witness' qualifications. *Id.* at 851–52.

■ Before an expert's testimony can be admitted, three criteria must be satisfied: (1) the expert must be competent and qualified to testify, (2) the subject must be one upon which the aid of an expert opinion will be of assistance to the jury, and (3) the testimony may not state a legal conclusion. *Mays v. State*, 563 S.W.2d 260, 264 (Tex. Crim.App.1978); *Cortijo v. State*, 739 S.W.2d 486, 488 (Tex.App.—Corpus Christi 1987, pet. ref'd).

In *Duckett v. State*, 797 S.W.2d 906 (Tex. Crim.App.1990), the Court explicated the "[e]xpert testimony, to be admissible, must pass the threshold test that it concerns a subject upon which the aid of an expert will be of assistance to the trier of fact." *Id.* at 911.

In regard to that threshold test, and in support of his proposition, appellant contends since he was subject to sentencing under the habitual penalty statute, Tex. Penal Code Ann. § 12.42(d), his offer of proof "demonstrated a specific need for expert testimony relating to the effect of long sentences on the occurrence of other crime." He relies primarily upon *Ventura v. State*, 801 S.W.2d 225 (Tex.App.—San Antonio 1990, no pet.), in which the court held the trial court reversibly erred in refusing to allocate funds for payment of expert testimony. However, that case is distinguishable.

In that case, Ventura was being prosecuted for driving while intoxicated. Her motion for allowance of expenses showed that the expert would testify that the symptoms of an ailment (manic depression) were similar to those exhibited by a person who was actually intoxicated, and would directly bear upon her guilt or innocence. The appellate court correctly held that the motion should have been granted inasmuch as the question of mental instability and the similarity of its symptoms to intoxication was clearly one outside of the jury's realm of knowledge, and an expert opinion would aid them in determining whether Ventura was in fact intoxicated or was merely experiencing symptoms of manic depression. *Id.* at 227.

[redacted] It is established that an expert may testify at the punishment stage of the trial as to a particular defendant's propensity to commit violence in the future. *Moore v. State,* 542 S.W.2d 664 (Tex.Crim. App.1976), *cert. denied,* 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977), *overruled on other grounds, Butler v. State,* 830 S.W.2d 125, 130 (Tex.Crim.App.1992). However, upon the rationale that such testimony would escalate into a "battle of the experts," opinions which would amount to a recommendation of a particular punishment to the trier of fact have been consistently rejected by the Court of Criminal Appeals. *See Stoker v. State,* 788 S.W.2d 1, 16 (Tex.Crim.App.1989) (no abuse of discretion to refuse to appoint expert to place issue of parole before jury); *Sattiewhite v. State,* 786 S.W.2d 271, 290 (Tex.Crim.App. 1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990) (not error to exclude expert opinion that a life sentence would be more appropriate than the death penalty); *Asay v. State,* 456 S.W.2d 903, 905 (Tex.Crim.App.1970) (testimony of law enforcement officer, an ex-penal system employee, who knew defendant's character, that short term of imprisonment would be more likely to effect reform of defendant than would a long term was properly excluded); *Schulz v. State,* 446 S.W.2d 872, 874 (Tex.Crim.App.1969) (psychiatrist was not permitted to testify regarding the effect of placing defendant on probation rather than sentencing him to prison).

Appellant's projected expert testimony is sufficiently analogous to the proffered testimony in the preceding cases held properly excluded so that we cannot say this trial court abused its discretion and reversibly erred in refusing to allocate funds for that purpose of obtaining such testimony.

Parenthetically, appellant places considerable reliance upon the decision in *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), in asserting his constitutional right to the appointment of a suggested expert. However, in *Moore v. State,* 802 S.W.2d 367 (Tex.App.—Dallas 1990, pet. ref'd), in a well-reasoned opinion, the court held the constitutional aspects of the *Ake* decision were limited to the context of an insanity defense, and recognized in a case such as this, a trial court has discretion in determining whether to provide funds for expert testimony. *Id.* at 371. Appellant's second point of error is overruled.

In summary, both of appellant's points are overruled and the judgment of the trial court affirmed.