Johnstone 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00263-CR







Randall Lee Johnstone, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 93-155-K26, HONORABLE JOHN CARTER, JUDGE PRESIDING








 A Williamson County jury found Randall Johnstone guilty of three counts of
aggravated sexual assault of a child. Tex. Penal Code Ann. § 21.11(a)(1) (West 1994). Appellant
pleaded true to two prior felony offenses of indecency with a child, and the jury assessed
punishment of life imprisonment and a fine of $10,000 for each count. Johnstone brings a single
point of error, complaining of the trial court's denial of his request to hire an expert witness. We
will affirm the trial court's judgment.



BACKGROUND


 The victim in this case was appellant's stepdaughter. The assistant principal at her
school notified the Department of Human Services that in the opinion of a teacher's aide, appellant
displayed inappropriate affection toward the child when he brought her to school. The child made
an outcry statement to an investigator from Children's Protective Services that appellant had
touched her inappropriately. She later demonstrated with anatomical dolls that appellant had
inserted his finger in her vagina, put his penis in her vagina, made her lick his penis, and then told
her not to tell anyone. Dr. Beth Nauert, a pediatrician with extensive experience in the
examination of sexually abused children, examined the victim and found evidence consistent with
penetration of the vagina by finger or penis. The child identified appellant as her perpetrator to
Dr. Nauert, as well as to the investigator.

 The State introduced two magazines with photographs of nude children, ordered
by appellant and found in his closet, along with a letter of apology and regret from appellant to
his wife. The child's therapist testified that she presented many symptoms associated with
children who have been sexually abused. She admitted that the symptoms could arise from abuse
by some person other than appellant.

 Appellant did not testify but subpoenaed two expert witnesses, a special education
teacher who had evaluated the child and did not find the child to exhibit symptoms associated with
sexual abuse, and a neuropsychologist who reviewed the other expert's written evaluation of the
child.


 

DISCUSSION


 In a pretrial motion, Johnstone asked the court for permission to hire an expert to
testify about the suggestibility and impressionability of children's memories regarding sexual
abuse. On appeal, he complains that he needed this testimony to counter the State's expert
testimony that the complainant exhibited characteristics of a sexual abuse victim. The State
complains that this point of error is waived by Johnstone's failure to include a copy of the written
request in the record on appeal. At oral argument we received a motion to amend the transcript
to include the request which was inadvertently left out of the transcript because it had been filed
under another cause number in another case involving this same defendant. Finding in the trial
court's records a motion to consolidate the two causes involving this same appellant, we grant the
motion to supplement the transcript and hold that appellant has preserved his point of error for
our consideration.

 A lawyer appointed to represent an indigent defendant may be reimbursed for
expenses related to an expert witness. Tex. Code Crim. Proc. Ann. art 26.05(a) (West 1989). 
Under the Due Process Clause, the State must provide an indigent defendant access to an expert
if there is a substantial need for the expert on an issue that is likely to be a significant factor at
trial. Ake v. Oklahoma, 470 U.S. 68, 82-83 (1985); Rey v. State, 897 S.W.2d 333, 338-39 (Tex.
Crim. App. 1995). But the defendant has the burden of presenting evidence to show the
substantial need to the trial court. Id. at 338-39. In general, such evidence must take the form
of an affidavit or sworn testimony. Davis v. State, 905 S.W.2d 655, 660 (Tex. App.--Texarkana
1995, pet. ref'd). To prevail, Johnstone must convince us that the trial court abused its discretion
in denying his requested expert. Duckett v. State, 797 S.W.2d 906, 910 (Tex. Crim. App. 1990),
overruled in part on other grounds by Cohn v. State, 849 S.W.2d 817, 819 (Tex. Crim. App.
1993) (decision regarding request for expert witness is committed to sound discretion of trial
court).

 Johnstone's request was not accompanied by any affidavit advising the trial court
of the substantial need for this expert testimony in this case. Furthermore, Johnstone did not
request an expert to interview this child victim and refute the anticipated child abuse syndrome
testimony of the State's witnesses; rather, he sought expert testimony on the credibility of children
generally in sexual abuse cases. Appellant argued persuasively at oral argument that because child
abuse syndrome testimony serves to bolster the credibility of a young child such as this,
defendants should be entitled to present controverting expert testimony that children may be
influenced by their interviewers to create allegations that may never have occurred.

 Generally a child's allegations of sexual abuse and her identification of her
perpetrator can be properly evaluated by the jury, whose duty is to determine the credibility of
all witnesses, young and old. If there is evidence that a particular child has been asked leading
questions by a particular interviewer and that such inappropriate interviewing may have led to
inventions of sexual abuse that are unlikely to have occurred, the defendant in such circumstances
may be entitled to an expert witness describing the effects of such questioning on young and
impressionable children. But this defendant gave the trial court no notice of such problems in this
case, and our review of the record reveals none.

 The threshold determination is whether the specialized knowledge of the expert will
assist the trier of fact to understand the evidence or to determine a fact in issue. Id.; Tex. R.
Crim. Evid. 701. In Pierce v. State, the court held that expert testimony addressing the credibility
of an eye-witness as to identification is not helpful to a jury and therefore not admissible. 777
S.W.2d 399, 415-16 (Tex. Crim. App. 1989), cert. denied, 496 U.S. 912 (1990). The
admissibility of expert testimony on an issue at trial may be considered in deciding whether there
is a substantial need for the expert. Wunnenburger v. State, 844 S.W.2d 864, 868 (Tex.
App.--Amarillo 1993, pet. ref'd). Just as the reliability of eye-witness testimony is within the
general knowledge of a juror, the reliability of a young witness's testimony may be properly
weighed by a jury, aided by cross-examination and the jury's common knowledge of memory and
perception, absent other factors that specifically raise the issue of suggestibility or overbearing
because of a particular interviewing technique. Furthermore, the issue of fantasized sexual
exploits suggested by inappropriate interviewing techniques must relate to the defendant's theory
of the case; Johnstone did not attempt to deny that the child had been sexually abused but
attempted to suggest there were other perpetrators. In this circumstance, any expert evidence of
the child's impressionability would assail the child's identification of the perpetrator rather than
the child's report of abuse.

 In the absence of any notice to the court establishing sufficient need for this expert
testimony under the circumstances of this case, we hold that the trial court did not abuse its
discretion in denying appellant's request for expert testimony. We overrule the sole point of
error and affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 15, 1996

Do Not Publish



3, 338-39 (Tex.
Crim. App. 1995). But the defendant has the burden of presenting evidence to show the
substantial need to the trial court. Id. at 338-39. In general, such evidence must take the form
of an affidavit or sworn testimony. Davis v. State, 905 S.W.2d 655, 660 (Tex. App.--Texarkana
1995, pet. ref'd). To prevail, Johnstone must convince us that the trial court abused its discretion
in denying his requested expert. Duckett v. State, 797 S.W.2d 906, 910 (Tex. Crim. App. 1990),
overruled in part on other grounds by Cohn v. State, 849 S.W.2d 817, 819 (Tex. Crim. App.
1993) (decision regarding request for expert witness is committed to sound discretion of trial
court).

 Johnstone's request was not accompanied by any affidavit advising the trial court
of the substantial need for this expert testimony in this case. Furthermore, Johnstone did not
request an expert to interview this child victim and refute the anticipated child abuse syndrome
testimony of the State's witnesses; rather, he sought expert testimony on the credibility of children
generally in sexual abuse cases. Appellant argued persuasively at oral argument that because child
abuse syndrome testimony serves to bolster the credibility of a young child such as this,
defendants should be entitled to present controverting expert testimony that children may be
influenced by their interviewers to create allegations that may never have occurred.

 Generally a child's allegations of sexual abuse and her identification of her
perpetrator can be properly evaluated by the jury, whose duty is to determine the credibility of
all witnesses, young and old. If there is evidence that a particular child has been asked leading
questions by a particular interviewer and that such inappropriate interviewing may have led to
inventions of sexual abuse that are unlikely to have occurred, the defendant in such circumstances
may be entitled to an expert witness describing the effects of such questioning on young and
impressionable children. But this defendant gave the trial court no notice of such problems in this
case, and our review of the record reveals none.

 The threshold determination is whether the specialized knowledge of the expert will
assist the trier of fact to understand the evidence or to determine a fact in issue. Id.; Tex. R.
Crim. Evid. 701. In Pierce v. State, the court held that expert testimony addressing the credibility
of an eye-witness as to identification is not helpful to a jury and therefore not admissible. 777
S.W.2d 399, 415-16 (Tex. Crim. App. 1989), cert. denied, 496 U.S. 912 (1990). The
admissibility of expert testimony on an issue at trial may be considered in deciding whether there
is a substantial need for the expert. Wunnenburger v. State, 844 S.W.2d 864, 868 (Tex.
App.--Amarillo 1993, pet. ref'd). Just as the reliability of eye-witness testimony is within the
general knowledge of a juror, the reliability of a young witness's testimony may be properly
weighed by a jury, aided by cross-examination and the jury's common knowledge of memory and
perception, absent other factors that specifically raise the issue of suggestibility or overbearing
because of a particular interviewing technique. Furthermore, the issue of fantasized sexual
exploits suggested by inappropriate interviewing techniques must relate to the defendant's theory
of the case; Johnstone did not attempt to deny that the child had been sexually abused but
attempted to suggest there were other perpetrators. In this circumstance, any expert evidence of
the child's impressionability would assail the child's identification of the perpetrator rather than
the child's report of abuse.

 In the absence of any notice to the court establishing sufficient need for this expert
testimon