NO. 07-03-0032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 2, 2003

_____

GARRY LEE, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-09-05707-CR; HON. PUTNAM K. REITER, PRESIDING

_____

*Opinion*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Through one issue, appellant Garry Lee, Jr., appeals his conviction for aggravated robbery. He contends that the trial court committed reversible error when it denied his motion for the appointment of a psychologist to aid in his defense. We affirm the judgment.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 1998).

Whether an expert should be appointed to assist an indigent defendant lies within the sound discretion of the trial court. *Wunneburger v. State,* 844 S.W.2d 864, 868 (Tex. App.--Amarillo 1992, pet. ref'd). Thus, its decision will not be disturbed unless it falls outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that a trial court acts within its discretion "as long as . . . the ruling was . . . within the zone of reasonable disagreement").

Next, it is clear that a trial court need not appoint an expert unless the defendant has made a sufficient threshold showing of need. *Griffith v. State,* 983 S.W.2d 282, 286-87 (Tex. Crim. App. 1998), *cert. denied,* 528 U.S. 826, 120 S.Ct. 77, 145 L.Ed.2d 65 (1999). This requires the defendant to preliminarily establish that the issue for which he seeks expert assistance is likely to be a significant factor at trial. *Ake v. Oklahoma,* 470 U.S. 68, 82-83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985); *Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997); *Rey v. State*, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995). Moreover, to satisfy this burden, the defendant must do more than simply offer undeveloped assertions that the requested help would be beneficial. *Williams v. State*, 958 S.W.2d at 192. Instead, he must explain why the expert assistance is needed. This obligates him, at the very least, to either disclose his defensive theory and explain why expert assistance would be helpful in establishing it or show that there is a reason to question the State's expert and proof. *See id.* (noting that motions for the appointment of expert assistance are most often denied because the movant failed to present evidence in support of his defensive theory, explain what his theory was and why expert assistance

2

would help establish it, or show that there was a reason to question the State's expert or its proof); *Rey v. State*, 897 S.W.2d at 341 (noting the same).

Here, appellant attempted to justify the appointment of a psychologist by asserting that 1) "[a]lthough *it is too early to tell exactly what the facts are and/or what defensive issues may be raised* . . . it is clear that the services of a Psychologist will be needed," 2) "[t]he undersigned counsel needs to be in a position to consult with a Psychologist early on to determine what defensive/punishment issues *may exist* in this case," 3) "counsel . . . cannot testify and therefore needs the assistance of a Psychologist in the development of the case," 4) "this Psychologist is needed to conduct psychological evaluations and assist counsel in [the] presentation of the . . . [appellant's] defense," 5) the psychologist "has spoken with counsel . . . and indicated that she is willing to assist in the defense of this matter," 6) the "value of [the] Psychologist's assistance is incalculable in a case of this magnitude," 7) "[c]ounsel would best have the assistance of a Psychologist . . . so as to help the jury understand the punishment issues in the event of conviction," and 8) the "appointment of this expert will 'level the playing field' and give appellant 'access to a competent expert who can assist in the evaluation, preparation, and presentation of the defense.'" (Emphasis added). Absent from these justifications is any explanation of the particular defensive theory for which the assistance of an expert was needed. Indeed, as revealed by the matter which we italicized, appellant had yet to select or uncover a defensive theory but sought the help of a psychologist to find one.[2] Nor did he specify any

---

[2]To the extent that appellant believed consultation with a psychologist "early on" was needed "to determine what . . . issues may exist," we note that he did not move for the appointment of one until one week before trial began.

issues, punishment or otherwise, which necessitated explanation or development through expert assistance. And, to the extent that he stated that a psychologist was "needed to conduct psychological evaluations," he presented neither evidence nor affidavit suggesting, much less establishing, that his mental state at the time he committed the offense or at the time of trial was in question. Given this dearth of evidence and explanation, the trial court could have reasonably construed appellant's request as one seeking the help of an expert to conduct a fishing expedition. We know of no authority obligating the court to appoint experts for that purpose.

In short, appellant's motion consisted of the type of undeveloped assertions found unacceptable in *Williams* and *Rey*. Consequently, the trial court did not abuse its discretion in overruling it. Accordingly, we overrule the point of error and affirm the judgment.


Brian Quinn
Justice


Do not publish.

4