Thaulamus **COLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–93–00337–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 2, 1993.

Rehearing Denied Aug. 19, 1993.

Loren A. Detamore, Houston, for appellant.

John B. Holmes, Linda West, Houston, for appellee.

Before MIRABAL, DUGGAN and WILSON, JJ.

**OPINION**

MIRABAL, Justice.

Appellant, Thaulamus Coleman, appeals the trial court's denial of habeas corpus relief. We affirm.

Appellant was indicted on October 16, 1992, for the offense of theft by receiving in cause number 644858.[1] At his trial, the jury was unable to reach a unanimous verdict,[2] and the judge declared a mistrial on February 23, 1993.

On March 12, 1993, appellant was indicted in cause number 659351 for the offense of engaging in organized criminal activity.

On March 22, appellant filed with the trial court an application for writ of habeas corpus and a special plea of prior prosecution, asserting that: (1) the trial court should have granted appellant's motion for directed verdict in the theft by receiving case, because the State failed to prove essential elements of the offense, and therefore a retrial of the theft charge would violate appellant's right not to be placed twice in jeopardy for the same offense; and (2) the double jeopardy bar to reprosecution of the theft by receiving charge also bars prosecution for the related offense of engaging in organized criminal activity.

On April 2, the State refiled the organized criminal activity charge against appellant under cause number 661064. On April 7, the State filed motions to dismiss cause numbers 664858 (theft by receiving charge) and 659351 (initial organized criminal activity charge) because an indictment had been returned in cause number 661064 (the second organized criminal activity charge). The trial court granted the motions and dismissed both cases.

On April 12, the trial court held a hearing on appellant's application for writ of habeas corpus and special plea of prior prosecution, and denied relief.

In four points of error, appellant asserts: the trial court should have granted a directed verdict in his trial for theft by receiving, and therefore the case should have never

---

1. The property appellant allegedly acquired was seven automobile seats.

2. The jury was deadlocked 11 to 1 in favor of a finding of guilt.

gone to the jury; if the case had not gone to the jury, there would not have been a hung jury situation requiring a mistrial; because appellant was entitled to a directed verdict of acquittal, a retrial would violate appellant's right not to be placed twice in jeopardy for the same offense; and because proof of the offense of theft by receiving is required for the State's prosecution of the offense of engaging in organized criminal activity, double jeopardy also bars the prosecution of the offense of engaging in organized criminal activity.

 Neither the failure of a jury to reach a verdict, nor the trial court's declaration of a mistrial following a hung jury, is an event that terminates the original jeopardy that attached when the jury was sworn. *Richardson v. United States*, 468 U.S. 317, 325–26, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984); *Ex parte McAfee*, 761 S.W.2d 771, 772–73 (Tex.Crim.App.1988). Further, regardless of the sufficiency of the evidence at a defendant's first trial, he has no valid double jeopardy claim to prevent his retrial when there has been a hung jury at his first trial. *Richardson*, 468 U.S. at 326, 104 S.Ct. at 3086. Until a verdict is returned, jeopardy continues, unless the court discharges the jury without "manifest necessity" for doing so. *McAfee*, 761 S.W.2d at 774. Appellant does not claim the trial court prematurely or unnecessarily declared a mistrial.

Based on the record before us, because appellant has no valid jeopardy claim barring a retrial for theft by receiving, neither does he have a valid jeopardy claim barring a trial of the organized criminal activity charge. Accordingly, we overrule appellant's four points of error.

We affirm the judgment.

Justices DUGGAN and WILSON also sitting.