**Opinion filed March 31, 2015**



## In The

# 𝕰𝖑𝖊𝖛𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## No. 11-13-00296-CR

_____

## ARCHER LEE EVANS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10795-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Archer Lee Evans of the offenses of aggravated sexual assault of a child and sexual assault of a child.[1] Appellant elected for his punishment to be assessed by the trial court, and it assessed punishment at confinement for sixty-five years for the aggravated sexual assault of a child and

---

[1]*See* TEX. PENAL CODE ANN. § 22.011 (West 2011), § 22.021 (West Supp. 2014).

twenty years for the sexual assault of a child. The trial court then sentenced Appellant accordingly. Appellant asserts five issues on appeal. We affirm.

## I. *The Charged Offenses*

The grand jury indicted Appellant on five separate counts, but the jury only convicted on Counts II and V. The second count charged Appellant with aggravated sexual assault of a child, and the fifth count charged Appellant with sexual assault of a child. The second count alleged that Appellant intentionally and knowingly caused the sexual organ of K.L., a child under the age of fourteen, to be penetrated by Appellant's sexual organ on or about February 20, 2010. The fifth count alleged that Appellant intentionally and knowingly caused the sexual organ of K.L., a child younger than seventeen and not the spouse of Appellant, to be penetrated by Appellant's sexual organ on or about April 20, 2012.

As relevant here, a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means" and the victim is younger than fourteen years of age. PENAL § 22.021(a)(1)(B)(i), (a)(2)(B). An offense of aggravated sexual assault of a child is a felony of the first degree. *Id.* § 22.021(e). A person commits sexual assault of a child if he engages in the same conduct as outlined above with a child under the age of seventeen. *Id.* § 22.011(a)(2)(A), (c)(1). An offense of sexual assault of a child is a felony of the second degree. *Id.* § 22.011(f).

## II. *Evidence at Trial*

Appellant is the father of K.L., the victim. Child Protective Services (CPS) removed K.L. from her mother's home when she was three years old, and she moved in with Appellant. K.L. testified that, around that time, Appellant started "touching" her vagina and mouth with his penis. K.L. testified that the same kind of "touching" continued throughout her childhood while she and Appellant moved

2

to various households to live with Appellant's family members, girlfriends, or friends. K.L. also lived with her grandmother, without Appellant, for part of middle school. K.L. said that, when she was in the seventh grade, she and Appellant moved in with Appellant's girlfriend and that the "touching" became "more aggressive." K.L. testified that, when she was around twelve or thirteen years old, Appellant started penetrating her vagina with his penis.

K.L. said that Appellant no longer forced her to perform oral sex on him but that he would penetrate her vagina with his penis two to three times a week. She further testified that Appellant penetrated her "butt" with his penis two times. K.L. said she and Appellant moved into their own apartment when she was in the ninth grade, and she agreed that the abuse "got more violent" because she fought him more. K.L. described the more violent nature of the abuse and testified that Appellant hit her and tried to tie her down. She claimed that Appellant would use sexual abuse as punishment or as a requirement before she could do an activity that she wanted to do.

At the end of K.L.'s ninth grade year, she made a statement to her boyfriend, who was eighteen years old at the time, that her father had raped her. She did not tell him any details about the rape or any other sexual abuse. The following day at school, she made the same statement to a female friend, who was sixteen years old. Both K.L.'s boyfriend and her female friend convinced K.L. to report the abuse to school administrators. K.L. testified that, when she reported the abuse to the school counselor, Cindy Darby, she could only write down an account of the abuse because she was crying and could not speak. K.L. said that, overall, the abuse lasted from when she was three years old to when she made the outcry at sixteen.

K.L. also said that Appellant used coconut shampoo as a lubricant during the assaults, that he made her wear women's panties, and that he would ejaculate onto the floor in her room and rub his semen into the carpet with his tube socks. When

3

asked if law enforcement could search Appellant's home, Appellant consented to a search of the living room, kitchen, and K.L.'s bedroom. Appellant was present during the search. According to Detective Stacey Cisneros of the Abilene Police Department, Appellant appeared "pretty cautious" and "very paranoid" when the officers were in his home; he would only allow two officers in the home at a time.

Upon a search of K.L.'s bedroom, officers and the forensic team found tube socks near K.L.'s bed, women's panties under the headboard and mattress, stains on the wall and the carpet, and a bottle of coconut shampoo on the headboard. Officers also photographed the bedroom and a Tweety Bird blanket. Officer Wallace McDaniel, a latent print examiner with the Abilene Police Department, testified that he took two swabs: one from the east wall and one from the carpet. Amy Smuts, a forensic DNA analyst with the University of North Texas Health Science Center in Fort Worth, testified that the sample on the east wall was semen. Smuts compared the sample to Appellant's DNA profile and determined that he could not be excluded as a contributor.

Detective Cisneros said that he, the other officers, and Appellant returned to the Law Enforcement Center (LEC) after the search of Appellant's home. At the LEC, Detective Cisneros read Appellant his *Miranda*[2] rights and made it clear that Appellant was a suspect. Detective Cisneros testified that Appellant was not in custody, that Appellant was free to leave, and that he never threatened Appellant with arrest. Appellant waived his rights and talked with Detective Cisneros.

Detective Cisneros said that Appellant told him that an adult woman that had stayed in K.L.'s room, which would explain the women's panties, and that he had sex with that woman in K.L.'s room, which would explain why his DNA was found in K.L.'s bedroom. Detective Cisneros also said that Appellant remarked that K.L. had fabricated the allegations against him because he was opposed to her

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

dating a Puerto Rican boy. Appellant also appeared very anxious and paranoid; he remarked that he thought his cellphone was being tapped because K.L. had sent him messages. Appellant later requested an attorney, and Detective Cisneros stopped the interview, which had lasted less than an hour. Appellant left the LEC.

Tatum Woodson, a licensed professional counselor with the Regional Victim Crisis Center, testified that K.L., as a result of the sexual abuse, suffered from post-traumatic stress disorder (PTSD). He stated that this included nightmares, irritability, loss of sleep, and a feeling of helplessness; hypervigilance and lack of concentration; and avoidance behavior, such as detachment and withdrawal from people. Woodson testified that, due to the abuse from her father—her caregiver, K.L. did not realize she could say "no" to others who requested an intimate relationship and K.L. was at risk to act in sexually inappropriate ways.

Judith LaFrance, a registered sexual assault nurse examiner (SANE) at Hendrick Medical Center, testified that she interviewed and examined K.L. shortly after K.L. made her outcry to Darby. LaFrance said K.L. described how her father had sexually abused her. LaFrance noted that K.L. had a tear to her hymen that had healed, which was not from the sexual intercourse she had had that morning with her boyfriend. LaFrance also said that she did not find any other evidence of physical trauma, which was not unusual in a sexual assault case. No physical evidence was gathered because too much time had passed from the time K.L. had been most recently abused by Appellant.

### III. *Issues Presented*

Appellant argues in his first two issues that the trial court erred when it allowed testimony from Darby, who Appellant alleged was not an "outcry witness," and when it admitted statements Appellant made to law enforcement personnel. Appellant argues, in his third and fourth issues, that the trial court erred when it denied the admission of impeachment evidence about K.L.'s sexual

behavior and when it denied his motion for a directed verdict on the first two counts of the indictment. Finally, Appellant asserts that the trial court erred when it denied his request for a recess and his request to reopen the sentencing hearing.

## IV. *Standards of Review*

We review Appellant's first, second, third, and fifth issues for an abuse of discretion. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g) (reviewing admission and exclusion of evidence); *Garcia v. State*, 919 S.W.2d 370, 387 (Tex. Crim. App. 1996) (op. on reh'g) (reviewing admission of defendant's statements); *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (reviewing motion for continuance). Under an abuse of discretion standard, we will reverse the trial court's decision only if it acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. *See Montgomery*, 810 S.W.2d at 390–92. We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* at 391.

Appellant's fourth issue, a challenge to a trial court's ruling on a motion for directed verdict, is the same as a challenge to the sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). We review a challenge to the sufficiency of the evidence under the standard of review in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We will address Appellant's fourth issue first followed by his remaining issues.

6

V. *Discussion and Analysis*

A. *Issue Four: Directed Verdict and Sufficiency of the Evidence*

Appellant challenges the trial court's denial of his motion for directed verdict on Counts I and II of the indictment. Count I of the indictment, which resulted in a hung jury and subsequent dismissal, alleged continuous sexual abuse of a child. Count II of the indictment, on which the jury found Appellant guilty, alleged aggravated sexual assault of a child. Each count required the State to prove, among other elements, sexual assault by penetration of a child younger than fourteen years of age. *See* PENAL §§ 21.02, 22.021.

Although the trial court dismissed Count I, Appellant argues he was entitled to a finding of not guilty rather than a dismissal and, on appeal, challenges the sufficiency of the evidence as to this count. Appellant cites no statute or case law to support his sufficiency challenge to a dismissed count, and we have found none; he also does not make a double jeopardy claim. A mistrial declared after a trial judge has determined the jury cannot agree upon a verdict does not terminate the original jeopardy to which the defendant was subjected. *Sullivan v. State*, 874 S.W.2d 699, 701 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Richardson v. United States*, 468 U.S. 317, 326 (1984)); *see also Green v. United States*, 355 U.S. 184, 188 (1957). "Regardless of the sufficiency of the evidence at a defendant's first trial, he has no valid double jeopardy claim to prevent his retrial when there has been a hung jury at his first trial." *Coleman v. State*, 859 S.W.2d 608, 609 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (citing *Richardson*, 468 U.S. at 326).

Count II required the State to prove, among other elements, sexual assault by penetration of a child younger than fourteen years of age. *See* PENAL § 22.021. Appellant argued in both his motion for directed verdict and his issue on appeal that the State failed to present any evidence that sexual abuse occurred while K.L.

was younger than fourteen years of age.  Thus, if there is sufficient evidence to support the jury's finding that Appellant sexually penetrated K.L. when she was younger than fourteen, we must overrule Appellant's issue.  *Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638.

K.L. testified that her birthday was February 21 and that, at the time of trial in August of 2013, she was seventeen years old and about to enter the eleventh grade.  Appellant argues that K.L. testified that the earliest instance of penetration by Appellant occurred when she was in seventh grade, which means K.L. was already at least fourteen years old.  This assertion, however, ignores K.L.'s testimony that she moved in with Appellant's girlfriend during her seventh grade year, when she was "twelve or thirteen" years old, and that Appellant penetrated her at least two to three times a week during that time.  The jury may convict on the testimony of the victim alone.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990); *Mirano v. State*, No. 11-12-00179-CR, 2014 WL 2810086, at *5 (Tex. App.—Eastland June 19, 2014, no pet.) (mem. op., not designated for publication).

We have reviewed the record, and based upon the evidence that we have previously outlined, we hold that there was sufficient evidence for a rational jury to have found beyond a reasonable doubt that Appellant penetrated K.L. when she was younger than fourteen years of age.  *See* CRIM. PROC. art. 38.07; *Villalon*, 791 S.W.2d at 133; *Mirano*, 2014 WL 2810086, at *5.  We also hold there was sufficient evidence to convict Appellant of the offenses of aggravated sexual assault of a child and sexual assault of a child.  We overrule Appellant's fourth issue.

## B. Issue One: Outcry Witness

Appellant argues in his first issue that the trial court erred when it allowed Darby to testify as an "outcry witness." *See* CRIM. PROC. art. 38.072. In the case below, Appellant objected to Darby's testimony on hearsay grounds and argued that K.L.'s boyfriend or K.L.'s teacher was the proper outcry witness, not Darby. On appeal, however, Appellant argues that K.L.'s statement made to Darby was not an outcry statement because K.L. was sixteen years old at the time of an alleged assault that she described in the statement and, thus, that Darby did not qualify as an outcry witness because K.L.'s statement was not an outcry statement.

"A trial court has broad discretion to determine the admissibility of outcry evidence, and we will not disturb its determination as to the proper outcry witness absent a showing in the record that the trial court clearly abused its discretion." *Brown v. State*, 381 S.W.3d 565, 571 (Tex. App.—Eastland 2012, no pet.) (citing *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd)). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 391.

Hearsay is not admissible except as provided by statute or by the Rules of Evidence. TEX. R. EVID. 802; *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 permits outcry statements by certain victims of child abuse to be admitted during trial, despite the hearsay rule, if the provisions of that article are met. CRIM. PROC. art. 38.072. A general "hearsay" objection by the defendant may be sufficient to inform the trial court of the defendant's complaint regarding testimony disclosing an outcry statement. *See Long*, 800 S.W.2d at 548. The Court of Criminal Appeals has indicated that, when a party challenges the evidence as hearsay, it "should be regarded by courts at all levels as a sufficiently specific objection, except under the most unusual circumstances." *Cordero v.*

*State*, 444 S.W.3d 812, 818 (Tex. App.—Beaumont 2014, pet. ref'd) (quoting *Lankston v. State*, 827 S.W.2d 907, 910 (Tex. Crim. App. 1992)).

A timely hearsay objection at trial gives rise to the requirement that the trial court conduct an Article 38.072 hearing. *Long*, 800 S.W.2d at 548. Once the hearsay objection is made, the burden then shifts to the State to prove an exception, such as compliance with Article 38.072, which makes the statement admissible. *See Long*, 800 S.W.2d at 547–48; *Villalon*, 791 S.W.2d at 135–36. To comply with Article 38.072, the statement must describe the alleged offense and be made to a person eighteen years of age or older. CRIM. PROC. art. 38.072. Article 38.072 applies to a proceeding in the prosecution of certain offenses if committed against a child under fourteen years of age. *Id.*

In this case, the trial court held an Article 38.072 hearing after Appellant objected. Darby and K.L. testified at the hearing; the trial court ruled that Darby, not the boyfriend, was the proper outcry witness. The trial court held that K.L.'s statements to her boyfriend were an allusion to an offense and did not include enough detail of any of the offenses alleged for the boyfriend to qualify as an outcry witness. *See Garcia*, 792 S.W.2d at 91–92. We agree; the testimony of K.L. reflects that she first described the offense to Darby and only alluded to abuse when she spoke to her boyfriend.

Furthermore, the statement K.L. wrote to Darby contained, in part, the following accusations: "When I was 3 my dad started touching me, then when I was in 5th [grade] . . . he took me to this place . . . and he tried to Rap[e] me there and when [I] was in 7th grade [I] moved back with my dad and he Raped me." The State has established that K.L.'s statement complied with Article 38.072 because it described an alleged offense committed against a child younger than fourteen years of age. Because the statement included accusations that described offenses committed against a child younger than fourteen, it was properly

10

admitted. *Smith*, 131 S.W.3d at 932. We hold that the trial court did not abuse its discretion when it admitted K.L.'s outcry statement through Darby.

Appellant also argues that, even if the trial court did not err when it allowed Darby to testify as an outcry witness under Article 38.072, the testimony was inadmissible under Rules 401, 402, and 403 of the Texas Rules of Evidence. *See* TEX. R. EVID. 401–403. In the case below, Appellant did not object on relevance and unfair-prejudice grounds under Rules 401, 402, or 403, as he has done on appeal. *See id.* To preserve error for review on appeal, with respect to the erroneous admission of evidence, the complainant must make a specific objection and obtain a ruling on the objection. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). The point of error on appeal "must comport with the objection made at trial." *Id.* Because Appellant's complaints as to relevancy and unfair prejudice were not made at the outcry-witness hearing or during trial, these arguments are waived. *See id.* We overrule Appellant's first issue.

*C. Issue Two: Appellant's Statements Made at Law Enforcement Center*

Appellant argues that the trial court erred when it admitted statements he made to law enforcement personnel when he was at the LEC. Appellant contends that, because law enforcement held K.L. in custody and denied him access to her, they coerced his statements. Once a defendant raises the issue of voluntariness of a statement, the trial court must hold a hearing on the admissibility of the statement outside the presence of the jury. CRIM. PROC. art. 38.22, § 6; *Jackson v. Denno*, 378 U.S. 368, 380 (1964). The burden is on the State to prove, by a preponderance of the evidence, that the statement was voluntarily made. *State v. Terrazas*, 4 S.W.3d 720, 725 (Tex. Crim. App. 1999).

A statement is involuntary if there was official, coercive conduct of such a nature that any statement obtained was unlikely to have been the product of an essentially free and unconstrained choice by its maker. *Alvarado v. State*, 912

S.W.2d 199, 211 (Tex. Crim. App. 1995). To determine if the statement was voluntary, the reviewing court must examine the totality of the circumstances surrounding the acquisition of the statement. *Colorado v. Connelly*, 479 U.S. 157, 176 (1986). Without coercive police conduct causally related to the statement, there is no basis for concluding any state actor has deprived a criminal defendant of due process of law. *Id.* at 164. The ultimate question to determine voluntariness is "whether the suspect's will was overborne" by the conduct of the state actor. *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).

Detective Cisneros investigated Appellant as a suspect after K.L. made the outcry that Appellant sexually abused her. Appellant arrived at the LEC on the afternoon of K.L.'s outcry, where Detective Cisneros met him. Detective Cisneros requested consent from Appellant to search his home for evidence of K.L.'s abuse. Appellant consented and signed a "Consent to Search" form for a search of his home. Detective Cisneros and Appellant, along with other officers, drove to Appellant's home, where officers conducted the search. After the search, Appellant and Detective Cisneros returned to the LEC. Throughout this time period, K.L. was at the LEC.

Back at the LEC, Detective Cisneros read Appellant his *Miranda* rights and interviewed him. Detective Cisneros made it clear that Appellant was a suspect. Detective Cisneros testified that Appellant was not in custody and was free to leave; he never threatened Appellant with arrest. Rather than leave, Appellant agreed to the interview with Detective Cisneros. The interview lasted less than an hour, and when Appellant requested an attorney, Detective Cisneros stopped the interview and Appellant left the LEC.

Appellant was not in custody at the time of the interview and was free to leave; he was also read his *Miranda* rights, which he waived, and he voluntarily agreed to talk to law enforcement. Appellant also knew that law enforcement

12

suspected him of sexually abusing K.L., which made it reasonable for law enforcement to keep him from her. *See generally* TEX. FAM. CODE ANN. ch. 261 and ch. 262 (West 2014) (setting out the State's duties to investigate reports of child abuse and protect children from such abuse). There is no evidence in the record suggesting that law enforcement acted improperly or that Appellant's statements were the result of any coercive conduct. We hold that the trial court did not abuse its discretion when it found that Appellant's statements were voluntary. We overrule Appellant's second issue.

### D. Issue Three: Excluded Testimony

Appellant argues in his third issue that the trial court committed reversible error when it did not allow K.R., a cousin of K.L., to testify about what K.L. had told her about K.L.'s sexual behavior, which Appellant claims would have impeached K.L.'s testimony.

Rule 412 excludes all evidence in a criminal case pertaining to the victim's sexual behavior, with five exceptions: (1) the evidence is necessary to rebut or explain scientific or medical evidence by the State; (2) the evidence of past sexual behavior with the accused offered to show consent; (3) the evidence that relates to motive or bias of the victim; (4) the evidence is admissible under Rule 609 of the Texas Rules of Evidence; and (5) the evidence is constitutionally required to be admitted. TEX. R. EVID. 412.[3] Even if the evidence falls within an exception, the trial court must consider whether its probative value outweighs the danger of unfair prejudice. *Id.*; *Delapaz v. State*, 297 S.W.3d 824, 827 (Tex. App.—Eastland 2009, no pet.) (citing *Hood v. State*, 944 S.W.2d 743, 746 (Tex. App.—Amarillo 1997,

---

[3]We note that Rule 608(b) prohibits a party from attempting to attack a witness's credibility through specific instances of misconduct. TEX. R. EVID. 608(b). Rule 609 allows for impeachment for felonies or crimes of moral turpitude committed within the last ten years if the probative value of admission outweighs the prejudicial effect to a party. TEX. R. EVID. 609(a), (b); *Wunneburger v. State*, 844 S.W.2d 864, 867 (Tex. App.—Amarillo 1992, pet. ref'd). Beyond that period, the probative value of the conviction must substantially outweigh the prejudicial effect to the party. TEX. R. EVID. 609(b).

no pet.)).  The trial court does not err in excluding evidence of a complainant's promiscuity with third parties unless those sexual activities are material to an issue, *and* the defendant raises consent as a defense.  *Wofford v. State*, 903 S.W.2d 796, 799 (Tex. App.—Dallas 1995, pet. ref'd).

Appellant claimed that K.R., who lived with K.L at relevant times before K.L.'s outcry, would have impeached K.L.'s claims that she had had no sexual contact with anyone other than Appellant and would refute the State's theory that K.L.'s knowledge of sexual matters resulted from Appellant's abuse.  The trial court held a Rule 412 hearing in which K.R. testified.  The trial court ruled that K.R.'s contradictory testimony was inadmissible because any probative value was far outweighed by the danger of unfair prejudice.  However, the trial court did allow the State to question K.L. about a specific instance of sexual activity with her boyfriend that occurred on the morning that she made the outcry.  Given the paucity of evidence in K.R.'s testimony, which was both inconsistent and contradictory, and the lack of any exception under Rule 412 that would allow such testimony, Appellant has failed to show why K.R.'s testimony was admissible.  *See Delapaz*, 297 S.W.3d at 827.  We have reviewed the record, and we cannot say that the trial court abused its discretion.

But, if we are incorrect in our holding, any error that occurred in excluding the evidence would be nonconstitutional error, under Rule 44.2(b); such error is reversible only when an appellant's substantial rights have been affected and resulted in a "substantial and injurious effect or influence in determining the jury's verdict."  *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)) (internal quotation mark omitted); *accord* TEX. R. APP. P. 44.2(b).  A criminal conviction should not be overturned for nonconstitutional error under Rule 44.2(b) if, after examining the record, we have "fair assurance that the error did not influence the jury, or had but

14

a slight effect." *Morales*, 32 S.W.3d at 867 (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)) (internal quotation mark omitted). We have reviewed the record, and we hold that any error that occurred was harmless because it did not affect Appellant's substantial rights and did not influence the jury. We overrule Appellant's third issue.

### E. Issue Five: Requests for Recess and to Reopen Hearing

Appellant argues in his final issue that the trial court should have granted his request for a recess and his request to reopen the sentencing hearing to accommodate a defense witness that arrived late. We review the trial court's ruling on Appellant's request for a recess for an abuse of discretion. *Gallo*, 239 S.W.3d at 764 (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)) (addressing a motion for continuance made during trial). To establish an abuse of discretion, Appellant must show that he was actually prejudiced or harmed by the denial. *Id.*

For a motion to reopen evidence:

> A trial judge is required to reopen a case under Art. 36.02 only if the proffered evidence is 'necessary to a due administration of justice.' Given the direction of our case law over the years, the statute's purpose in granting judges greater discretion, and the consequences of each construction, we conclude that a 'due administration of justice' means a judge should reopen the case if the evidence would materially change the case in the proponent's favor.

*Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003) (quoting CRIM. PROC. art. 36.02 (West 2007)). Section 3(a)(1) of Article 37.07 of the Texas Code of Criminal Procedure provides that the trial court, when hearing evidence in the punishment phase, may review "any matter the court deems relevant to sentencing." CRIM. PROC. art. 37.07, § 3(a)(1).

Appellant's son was a planned defense witness for punishment, but he had not arrived when the hearing began, so the trial court allowed Appellant's mother to preview that testimony. The trial court found that the testimony from the son—that he or others lied about Appellant—was irrelevant and immaterial to sentencing. The trial court denied Appellant's request for a recess and denied his request to reopen the sentencing hearing once his son arrived. Appellant never moved for new trial, made an offer of proof, or presented additional evidence to show how he was harmed by the denial of his requests. *See Leach v. State*, 548 S.W.2d 383, 385 (Tex. Crim. App. 1977). Appellant never explained what the son, or others, lied about and how it was material to punishment or how it would affect sentencing in his favor. *See Peek*, 106 S.W.3d at 79; *see also* CRIM. PROC. art. 37.07, § 3(a)(1).

Because Appellant adduced no evidence on how his son's testimony would have had any material effect on punishment, we cannot say that the trial court abused its discretion when it denied Appellant's requests. But, even if we are incorrect, the denial of Appellant's request for a recess and the denial of his request to reopen did not affect Appellant's substantial rights and were harmless. *See* TEX. R. APP. P. 44.2(b); *Gallo*, 239 S.W.3d at 764; *see also Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). We overrule Appellant's final issue.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

March 31, 2015                                                            MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).                    JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.